Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MARY F. FLEMING, Widow, and KATHERINE FLEMING, Daughter, Respondents, for Compensation to Themselves under the Workmen's Compensation Law, for the Death of JAMES FLEMING, *v.* ROBERT GAIR COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, December 28, 1916.

**Workmen's Compensation Law — when findings of Commission binding upon Appellate Division — presumption that claim comes within statute — accidental injury — death from hernia resulting from severe strain.**

Findings of the State Industrial Commission are binding upon the Appellate Division, if there is any evidence to sustain them.

Section 21 of the Workmen's Compensation Law requires the Appellate Division to presume that a claim comes within the provisions of the statute in the absence of substantial evidence to the contrary.

Evidence as to the death of an employee engaged by a manufacturer of paper goods and boxes alleged to have been caused by pneumonia and the shock of an operation rendered necessary from hernia resulting from an extraordinary exertion while wheeling or assisting in wheeling heavy trucks examined, and *held*, that the Commission was justified in finding that the death of the employee resulted from an accidental injury within the meaning of the statute, and that the award should be affirmed.

APPEAL by the defendants, Robert Gair Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 3d day of August, 1916.

*Amos H. Stephens* [*E. Clyde Sherwood* of counsel, *William B. Davis* with him on the brief], for the appellants.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General* of counsel], and *Robert W. Bonynge,* counsel for State Industrial Commission, for the respondents.

KELLOGG, P. J.:

Fleming, the deceased employee, was at work in the plant of the employer, who was a manufacturer of corrugated paper goods and boxes. At times he wheeled, or assisted in wheeling, heavy trucks. Usually one or two men assisted him in the work. At times the pulling or pushing of the truck required an extraordinary exertion and apparently might cause a severe strain. On March fourteenth he left his work and went to see the company's doctor for examination, with the result that the doctor found an indirect inguinal hernia which could have been caused by an accident sustained during the course of his employment. He told the doctor that "he had received [it] at work." The doctor advised an immediate operation. Dr. Neary certifies that the history of the hernia shows that it "was an accident caused by his work." Fleming was operated upon March twenty-second and died March twenty-fifth. Dr. Neary also certifies that four days previous to March fourteenth, the date of the alleged accident, he examined Fleming particularly with reference to hernia and found none, and that the ether which was administered at the time of the operation caused pneumonia which, with the shock of the operation, caused his death. The cause of the previous examination was a treatment for indigestion. A day or two before Fleming went to the hospital and after St. Patrick's Day he informed the foreman that he was going to the hospital, that the company's doctor advised an operation. The foreman asked him what was the cause and he told him that "a few days ago he was hurt pulling a loaded truck around." The foreman asked why he had not spoken to him about it at the time and he said that he had gone down to see the company's doctor and that he knew all about it. The finding of the Commission is binding upon us if there is any evidence to

sustain it.   An accident seems to be the only suggestion which tends to account for the hernia.   The death of the injured employee makes it impossible to know the exact time, place and particulars of the injury.

Section 21 of the Workmen's Compensation Law requires us to presume that the claim comes within the provisions of that law in the absence of substantial evidence to the contrary. There is no evidence to the contrary; the evidence all favors the presumption.

*Matter of Carroll* v. *Knickerbocker Ice Co.* (218 N. Y. 435) is not a determination to the contrary.   It was there held, by a divided court, that all the facts shown were to the contrary of the presumption, and that mere hearsay evidence was not sufficient to sustain an award when the known facts established that an accident had not taken place.   Here, as we have seen, all the facts are consistent with the presumption.   The Commission was justified in finding that death resulted from an accidental injury.   The award should be affirmed.

Award unanimously affirmed.