Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of FRANK PROKOPIAK, for Compensation under the Workmen's Compensation Law, *v.* THE BUFFALO GAS COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, December 28, 1916.

**Workmen's Compensation Law — when court will not interfere with findings of Commission — failure to give notice of injury — purpose of notice.**

The Appellate Division will not interfere with the findings of fact made by the State Industrial Commission if there be any evidence to support them.

Where an employee was injured by a piece of coal striking him on the leg and discontinued work for four or five days, and then continued work again for several weeks, and thereafter was taken to a hospital and his leg amputated, and previous to the injury he had been suffering from sarcoma of the bone in the injured leg, and no written notice, as required by section 18 of the Workmen's Compensation Law, was given until nearly a year after the accident, and no verbal notice in compliance with the statute was ever given, an award should be reversed, not because the finding of the Commission that the employer was not prejudiced by the failure of the claimant to give the statutory notice is unsupported by the evidence, but because the Commission has fallen into the habit of excusing failure to give notice irrespective of the merits of the case as a matter of course.

The purpose of the notice required by the statute is not merely for the starting of a proceeding, but to give the employer an opportunity to investigate the circumstances of the claim.

KELLOGG, P. J., dissented.

APPEAL by the defendants, The Buffalo Gas Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 19th day of January, 1916.

*Amos H. Stephens* [*E. Clyde Sherwood* and *William B. Davis* of counsel], for the appellants.

*Frank S. Burzynsky,* for the claimant.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* and *Robert W. Bonynge* of counsel], for the respondent.

HOWARD, J.:

The claimant has been awarded compensation by the State Industrial Commission and the only question for our consideration is the failure of the injured employee to give the statutory notice.

The accident occurred July 15 or 16, 1914. A lump of coal fell from a buggy, which is a vehicle for conveying coal, and struck the claimant on the leg. This occasioned the injury. The claimant did not work any more that day nor for four or five days, but returned to work after this short interim, and continued, with one interruption, until August 9, 1914. In

October, following, he was taken to a hospital and his right leg was amputated. Previous to the injury the claimant had been suffering from sarcoma of the bone in the injured leg. The Commission has found that the hurt from the falling piece of coal aggravated the cancerous condition of the leg and rendered amputation necessary.

No written notice, as required by section 18 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41), was given until July 8, 1915, nearly a year after the accident; and no verbal notice, in any wise complying with the requirements of section 18, was ever given. The Commission has, however, found that at the time of the accident the claimant told the appellant's foreman that he had been hurt and did not want to work any more — although he did, in fact, after a few days, work more. The Commission has found as a conclusion of fact that the employer was not prejudiced by the failure of the claimant to give the statutory notice.

We have repeatedly stated that we will not attempt to upset findings of fact made by the Commission if there be any evidence to support them. The Workmen's Compensation Law (§ 20, as amd. by Laws of 1915, chap. 167) does not permit us to do so. We reiterate that position here. It would be quite possible, however, in this case for us to point out that there is no evidence to support the finding that the employer was not prejudiced. The injury was not severe at first; a mere trifling hurt which did not even break the skin, but only left a red spot. After the lapse of three months the leg was amputated, and the bone was found to be diseased — cancerous; and this condition is shown to have existed before the accident. Therefore, the amputation was at most only the remote result of the injury. If the employer had been given prompt notice of the accident it would have been afforded an opportunity to investigate and perhaps it might have been able to produce medical evidence to the effect that the cancer, which was the disease directly responsible for the amputation, was in no degree produced, aggravated or accelerated by the apparently insignificant hurt.

But we have concluded to reverse the award, not because this finding is unsupported by the evidence, but because we

feel that the Commission has fallen into the habit of excusing these failures to give notice, irrespective of the merits of the case, as a matter of course. In *Matter of Bloomfield* v. *November* (219 N. Y. 374) it was said: "This requirement ought not to be treated as a mere formality or be dispensed with as a matter of course whenever there has been a failure to serve such notice." The notice which the law requires has a substantial, definite purpose; not, as the Attorney-General argues, "mainly for the purpose of starting a proceeding," but, as the Court of Appeals in the *Bloomfield* case has stated, "so as to give an employer the opportunity to investigate the circumstances of the claim." This being the clear purpose of the notice required by section 18, the court cannot permit the requirements of that section to be nullified and thrown into disuse by the Commission.

In view of the attitude of the Court of Appeals so recently assumed in the *Bloomfield* case, to which we have just referred and from which we have quoted, we consider it unnecessary to indulge in further comment.

The award should be reversed and the claim remitted to the Commission for further consideration.

All concurred, except KELLOGG, P. J., who dissented.

Award reversed and claim remitted to the Commission for further consideration.