Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of LEO DORB, Respondent, for Compensation under the Workmen's Compensation Law, *v.* FREDERICK STEARNS & CO., Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 14, 1917.

Workmen's Compensation Law — presumption as to giving of notice by claimant to employer — failure to give notice in compliance with section 18 — burden of establishing that failure of notice has not been prejudicial — facts insufficient to justify failure to give written notice.

The presumption under section 21 of the Workmen's Compensation Law that due notice by the claimant to the employer has been given, means the written notice required by section 18 of the statute, and said presumption disappears with the establishment of the fact that the claimant has not complied with section 18, and the burden then falls on him to establish affirmatively that his failure has not been prejudicial.

Where an employee of a corporation continued working for more than a week after sustaining an acute hernia, and then upon learning the nature of his injury, telephoned to the department where he worked and said that he was sick, but made no reference to an accident or to the nature of his illness, and three or four days thereafter he informed the assistant foreman of the nature of his injury, but gave him no information of the

time, place or circumstances thereof, nor that it was due to an accident, and did not make any statement that, in effect, he had a claim against the employer, and no other notice has been given to the employer, and the assistant foreman, although it was his duty to report accidents, has failed to do so, such facts do not justify the Commission in excusing failure to give the notice required by section 18 of the statute.

APPEAL by the defendants, Frederick Stearns & Co. and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 7th day of March, 1916.

*Amos H. Stephens* [*E. Clyde Sherwood* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

The employer is a corporation engaged in the business of a manufacturing pharmacist. The employee was a shipping and order clerk. On June 23, 1916, while lifting some heavy boxes containing the manufactured product of his employer he sustained an acute right inguinal hernia. He continued working without cessation until July third. He then sought medical assistance and was informed as to the nature of his injury. He thereupon telephoned to the department where he worked and said that he was sick, but made no reference to an accident or to the nature of his illness. Three or four days thereafter he went to the place of his employment and informed the assistant foreman of the nature of his injury, but even then gave him no information of the time, place or circumstances of the injury nor that it was due to an accident, nor that he had sustained any accident while working for the employer, although the assistant foreman seems to have assumed that he received the hernia in the course of his employment. Much less did the claimant make any statement conveying the idea that he had a claim against the employer or that he intended his statement as the basis of a claim. It was the duty of the assistant foreman to report accidents to the employer but he failed to do so in this instance and no report was made. No notice except as aforesaid has

been given the employer and the employer has not waived notice or recognized the accident in such a manner as to render unnecessary the formality of a notice.

Section 18 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41) provides explicitly that within ten days after disability a notice in writing stating the time, place, nature and cause of the injury shall be given the employer, and that " if the employer be a corporation, then such notice may be given to any agent or officer thereof upon whom legal process may be served, or any agent in charge of the business in the place where the injury occurred," and that the failure to give such notice, unless excused by the Commission either because it could not have been given or on the ground that the State fund, insurance company, or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim.

In *Matter of Bloomfield* v. *November* (219 N. Y. 374) it was held that if the circumstances are such as to justify failure to serve the notice, the fact of such circumstances should be set forth by the Commission as one of the facts constituting the basis of the award, and that the Commission should make apparent the ground upon which it excuses the failure to serve notice. (See, also, to the same effect, *Prokopiak* v. *Buffalo Gas Co.,* 176 App. Div. 128.)

The only compliance by the Commission with these requirements is the finding that " the employer was not prejudiced by such failure for the reason that his duly authorized agent thereto was aware of the accident within three or four days of disability," although this is coupled with the additional finding that such agent made no report to the employer. The reason assigned by the Commission for its action is that under section 21 of the act there is a presumption that the notice was sufficient. The presumption as to notice created by that section means the notice which the statute requires. It is the written notice of section 18 which is protected by the presumption of section 21. The presumption disappears simultaneously with the establishment of the fact that the claimant has not complied with section 18. Then the burden properly falls on him to establish affirmatively that his failure has not been prejudicial.

The practice of the Commission in this case completely nullifies the statutory requirement for written notice. The statute provides that written notice may be given to the employer in the case of a corporation, by delivering it to an agent possessing certain qualifications specified in the statute. But the Commission has excused the failure to give the *written* notice and found that the employer and insurance carrier were not prejudiced by such failure solely because an *oral* notice was given to an agent. It is obvious beyond discussion that the effect of this is to hold that oral notice in all instances to an agent of a corporation is sufficient, and the statutory requirement as to a written notice to such agent is thereby destroyed. It does not help the case of the claimant that it was the duty of the agent to report accidents to the employer. That was a matter between the agent and the employer. The agent owed no duty to the claimant to report the accident. The statute casts on the claimant the duty of giving notice and provides what kind of notice it shall be, and specifically to whom it shall be given, and the plain inference therefrom is that the claimant cannot rely on a duty which his fellow-servant or foreman owes not to him but to the employer. The claimant cannot excuse his own default by alleging the default of another to a person other than himself. If in the present case the information which the claimant gave the assistant foreman had been passed along by the latter to his superiors in such a way as to arrest the attention of the employer and excite it into activity in reference to the accident, or in other words if the purpose of the statutory notice had been accomplished, those facts but not the oral notice might have constituted grounds for excusing the claimant's default.

The cases cited point out that the statutory notice should not be regarded as a mere formality and dispensed with, unless the circumstances clearly indicate that no prejudice has resulted to the employer and insurance carrier. The statute confers benefits on the workingman far beyond what theretofore existed. In the present case for instance, so far as the facts are disclosed, the claimant would have no cause of action against the employer independently of this statute. One of the requirements of the statute is that employees

shall notify the employer in the manner provided by the statute as a condition of having the benefits which it confers. The Legislature has seen fit to safeguard the rights of employers and insurance carriers by requiring written notice to be given within a certain time setting forth the details of the accident. A very essential and important purpose of this notice is that the employer may have the benefit of an early investigation of the circumstances surrounding the alleged accident. Any tribunal assumes a heavy responsibility when it judicially determines that any investigation by the employer if seasonably made would have been fruitless. Of course there are cases where the circumstances are so plain that such a decision may well be made. Technicalities should be brushed aside and a liberal application of the statute should be made in favor of claimants. Their path should not be beset with difficulties. But on the other hand before the money of an employer or insurance carrier is appropriated in payment of such claims, they should be given full and ample opportunity to investigate the claims and the circumstances of the accident. That is the reason why the statute with such particularity and in such detail makes minute provision in reference to the notice. The Commission should be reasonably satisfied that the failure to give notice has not prejudiced those who must make compensation. As pointed out in the cases cited the Commission should find the facts from which the conclusion reasonably and logically follows that the employer or insurer has not been prejudiced. In this case certain facts have been found on which the failure to give notice has been excused but such facts clearly do not justify the excuse.

The award should be reversed and the matter remitted to the Commission for further consideration.

All concurred.

Award reversed and matter remitted to the Commission.