Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MARY GIBBONS, Widow, Respondent, for Compensation to Herself and Children under the Workmen's Compensation Law for the Death of JOHN GIBBONS, *v*. MARX & RAWOLLE, INC., Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, December 28, 1917.

Workmen's Compensation Law — death of employee from heart trouble resulting from lifting of heavy weight — evidence favoring presumption of validity of claim — notice of injury — excuse for failure to serve notice — time of service.

The Industrial Commission is justified in finding that claimant's husband while lifting a heavy weight in the course of his employment, suffered a strain which caused a dilatation of the heart muscle, resulting in his death, where a fellow-workman testified in effect that the deceased after lifting the heavy weight stopped work and said that he " had a pain," and on the following day a physician diagnosed his trouble as heart difficulty, and his wife testified that he never complained of illness before, for the evidence favors the presumption of the validity of the claim created by section 21 of the Workmen's Compensation Law.

The fact that a factory superintendent heard of an accident within ten days is insufficient to excuse the failure of the employee to serve the written notice of injury required by section 18 of the Workmen's Compensation Law.

The statute requires the notice of injury to be given within ten days after " disability," not within ten days after the injury.

Where it appears that an employee continued regularly in the discharge of his duties until the date of his disability and died within ten days thereafter, and that within thirty days after his death notice of the injury was given, the statute is complied with.

APPEAL by the defendants, Marx & Rawolle, Inc., and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 16th day of July, 1917.

*James B. Henney* [*William H. Foster* of counsel], for the appellants.

*Merton E. Lewis*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

COCHRANE, J.:

The finding of the Commission is that Gibbons, the husband of the claimant, while lifting a heavy weight in the course of his employment on March 21, 1917, " suffered a strain which caused a dilatation of the heart muscle, and resulted in acute cardiac dilatation which caused his death on April 1, 1917." It is urged by the appellants that there is no evidence that he received an injury or strain. A fellow-workman of Gibbons testified in effect that after lifting the heavy weight he stopped lifting others and asked that someone be substituted in his place to do the rest of the lifting, and that he walked up and down the platform where he was at work as if in pain. The witness asked him: "What's the matter?" and he said he "had a pain." On the following day he went to a physician who diagnosed his trouble as heart difficulty and prescribed for him accordingly until he died. His wife testified that he never complained of illness before. There is no substantial evidence to overcome the presumption created by section 21 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41). All the evidence favors the presumption. The claim, therefore, is established. (*Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435; *Fleming* v. *Gair Co.*, 176 App. Div. 23.)

Notice of injury was not given to the employer within ten days thereafter and the Commission has excused such failure and found that the appellants were not prejudiced thereby because the factory superintendent heard of the accident within ten days. Within our recent decisions this finding cannot be sustained. (*Dorb* v. *Stearns & Co.*, 180 App. Div. 138; *Walsh* v. *Woolworth Co.*, Id. 120; *Swart* v. *Town of Shelby*, 181 id. 915.) The excuse on the ground stated makes oral notice equivalent to the written notice which the statute requires. (§ 18; *Dorb* v. *Stearns & Co.*, *supra.*) But the statute does not require that the notice shall be given within ten days after the injury but within ten days after *disability*. The statute clearly indicates a distinction between the two words (§ 18). The language is as follows: " Notice of an injury * * * shall be given * * * within ten days after disability." The evidence shows that Gibbons continued regularly in the discharge of his duties

until March twenty-fifth; that then was the date of his disability and he died within ten days thereafter. Within thirty days after his death, notice of the injury was given and the statute was satisfied.

Award unanimously affirmed.