Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of WALTER BENNETT COLON, Respondent, for Compensation under the Workmen's Compensation Law, v. AMERICAN LINOLEUM MANUFACTURING COMPANY, Employer, and LONDON GUARANTEE AND ACCIDENT COMPANY, Insurance Carrier, Appellants.

Third Department, November 13, 1918.

**Workmen's Compensation Law — due notice of injury to an employer — effect of failure to give statutory notice.**

Due notice of injury to an employer under the Workmen's Compensation Law means such notice as is required by section 18 given in the manner and to the appropriate person specified.

An informal notice, directed and delivered to an assistant foreman accompanying a request that the wages of the claimant be paid to the messenger making the delivery, consisting merely of the statement of the injury but not containing the details required by the statute, is insufficient.

If the failure to give the statutory notice has not resulted in prejudice to the employer and insurance carrier, the Commission should make the appropriate findings.

APPEAL by the defendants, American Linoleum Manufacturing Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 20th day of March, 1918.

*William Butler*, for the appellants.

*Merton E. Lewis*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

COCHRANE, J.:

The accident happened on July 14, 1917. The Commission has found that due notice of injury was given to the employer. This means such a notice as is required by section 18 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41),* and that it was given in the manner and to the appropriate person specified in that section. The only

* Since amd. by Laws of 1918, chap. 634. — [REP.

written notice was of the most informal nature and was not intended as a compliance with the statute. It was directed and delivered to an assistant foreman and accompanied a request that the wages of the claimant be paid to the messenger making the delivery. It consisted merely of a statement in a familiar style to a friend as to the injury which the writer had received. It naturally did not contain all the details required by the statute. The assistant foreman to whom it was personally delivered was not a person to whom the statutory notice might be so given. Due notice of the injury, therefore, was not given to the employer. (*Dorb* v. *Stearns & Co.,* 180 App. Div. 138.) The finding of the Commission is against the undisputed evidence. If the failure to give the statutory notice has not resulted in prejudice to the appellants, the Commission should make the appropriate findings.

The award should be reversed, and the matter remitted to the Commission.

All concurred.

Award reversed, and matter remitted to the Commission.