Before State Industrial Board, Respondent.

In the Matter of the Claim of Giuseppe Avellino, Respondent, for Compensation under the Workmen's Compensation Law, *v.* McKee Refrigerator Company, Employer, and Royal Indemnity Company, Insurance Carrier, Appellants.

Third Department, July 6, 1922.

Workmen's Compensation Law — failure to give written notice of injury under § 18 prior to amendment by Laws of 1918, chap. 634, not excused by notice to foreman or superintendent in absence of other facts.

Under section 18 of the Workmen's Compensation Law, as it existed prior to the amendment by chapter 634 of the Laws of 1918, information of an injury to an employee given to the foreman or superintendent of a corporation employer is not notice to the employer in the absence of other facts, and in and of itself does not demonstrate a lack of prejudice because of the failure to give the written notice of the injury required by the statute.

Appeal by the defendants, McKee Refrigerator Company and another, from decisions and awards of the State Industrial Commission and of the State Industrial Board, made on the 21st day of December, 1920, and the 16th day of December, 1921, respectively.

*Frank J. O'Neill* [*Barnett Cohen* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

COCHRANE, P. J.:

December 1, 1917, the claimant was injured by a wooden splinter piercing the palm of his right hand. Infection resulted extending to the arm and an award was made in his favor December 21, 1920, which was increased December 16, 1921, such awards being for a permanent loss of the use of thirty per cent of the right arm. The medical expert of the Commission in estimating the loss of the use of the arm which he thought the claimant sustained stated that he made allowance for " willful exaggeration " by the claimant. Notice of the injury was not given to the employer as required by section 18 of the Workmen's Compensation Law and the only question raised on this appeal is that the failure to give such notice was not properly excused by the Commission.

On April 9, 1918, the claimant testified as follows: " What did you do the day of that accident? Did you stop work? A. I worked about twelve days until I was unable to work any longer. Q. Are you sure of that now? A. I am certain. Q. When did you first call a doctor? A. I called the doctor over to my house. Q. What day was this, please? A. On the 1st of December. Q. How many days did you say you worked after the accident? A. About twelve days. Q. Anybody see you when you were hurt? A. My fellow-workers. Q. Did you report this accident to the employer? A. Sliver was taken out by my fellow-workers, but I have never notified the employer, except one day when all these men came over to my house and I told them; I told Henry about the injury. By Commissioner Curtis: Q. When was that? A. About twelve or fourteen days after the accident. By Mr. Stabile: Q. Is it not a fact you did not tell the employer anything until January 15th, when you came out of the hospital? A. I sent word to the employer when I was in the hospital. Q. When did you go to the hospital? (Shows letter to Commissioner Curtis from employer.) Q. You went to the hospital December 23rd? A. Yes. Q. Your accident happened December 1st? A. Yes. By Commissioner Curtis: Q. The first time you notified the employer was January 15th? A. I sent word to him while I was in the hospital. Q. Whom did you send word by? A. A young man came over to see me at the hospital; I told him to tell the boss about it. By Mr. Stabile: Q. Who was this man? Did you work with him? A. He worked with me and is still there. By Commissioner Curtis: Q. Do you know whether he told the boss or not? A. That I don't know." The claim was thereupon disallowed on the ground of " delayed notice." On December 5, 1919, a rehearing was had and the claimant then testified that he immediately on the occurrence of the accident told his foreman

and that the latter put peroxide on the injury and that he made claim for compensation and that he only worked three days after the accident. His attention was called to his previous testimony which he admitted but attempted no explanation of the discrepancy. The foreman denied the testimony of the claimant. At the conclusion of this testimony the claim was again disallowed because of " delayed notice." Again on February 20, 1920, the matter was reconsidered and the claim disallowed because of " delayed notice." On April 9, 1920, the matter was again reconsidered and for the fourth time a decision was made as follows: " Previous actions disallowing case confirmed." On December 21, 1920, an award for compensation was made from which award the first appeal herein was taken. On December 16, 1921, an increased award was made from which the second appeal was taken. In the findings herein it is recited that the decisions disallowing the claim were rescinded " in the interest of justice because of the discovery of new evidence." As a matter of fact not a particle of new evidence was received bearing on the question of notice or the reasons ultimately assigned for excusing the failure to give such notice. Those reasons as recited in the findings are as follows: " Neither the employer nor the Insurance Carrier was prejudiced by the failure to give written notice of injury, because Giuseppe Avellino immediately notified Mr. Benjamin Miller, the foreman in charge of the room in which he was working, on the day that the accident occurred, and Mr. J. Crisica, a co-worker, informed Mr. Schumacher, Superintendent for the employer, within the time prescribed by Section 18 of the Workmen's Compensation Law, that Giuseppe Avellino had received an accidental injury that arose out of and during the course of his employment, as a result of a wooden splinter entering into his right hand. Co-workers also witnessed the accident, and one assisted in extracting the splinter from claimant's hand." All of the testimony on which the foregoing findings were based was given at the hearing of December 5, 1919, after which the Commission three times rejected the claim because of " delayed notice."

The accident having occurred in the year 1917, the case must be governed by the statute as it then existed. Section 18 at that time provided as follows: " The failure to give such notice, unless excused by the Commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the State Fund, insurance company, or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this chapter." The reasons for lack of prejudice because of failure to give the notice have been specifically stated

in the findings to be that the claimant immediately notified the foreman of the accident and that a co-worker informed the superintendent. These reasons are insufficient in law to support the conclusion that the appellants were not prejudiced. The case is controlled by our decisions made before the amendment of 1918 by chapter 634 of the Laws of 1918 to said section 18. (*Dorb* v. *Stearns & Co.*, 180 App. Div. 138; *Gibbons* v. *Marx & Rawolle, Inc.*, 181 id. 142; *Colon* v. *American Linoleum Manufacturing Co.*, 184 id. 734.) For reasons stated in those cases information of an injury to an employee given to the foreman or superintendent of a corporation is not notice to the latter in the absence of other facts and in and of itself does not demonstrate a lack of prejudice because of the failure to give the written notice required by the statute. Discussion of the question in those cases renders discussion here superfluous.

Furthermore it should be stated that the evidence assuming its truthfulness as required by the statute does not in its most favorable aspect sustain the finding that as to the superintendent he received the information which according to such finding he received.

The awards should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Awards reversed and claim dismissed, with costs against the State Industrial Board.