J. HERMON McLEAR, Appellant, *v.* JOSEPH BALMAT et al., Defendants, NORTHERN ORE COMPANY, Respondent, and SYLVIA LAKE COMPANY, INC., et al., Appellants.

(Submitted October 13, 1924; decided October 21, 1924.)

Motion for re-argument denied, with ten dollars costs and necessary printing disbursements. (See 238 N. Y. 568, 614.)

---

LENA JEWELL, Appellant, *v.* SEWARD S. SMITH, Respondent.

*Appeal — appeal dismissed for failure to obtain permission to appeal in case commenced in Justice's Court.*

Jewell v. *Smith*, 207 App. Div. 833, appeal dismissed.

(Submitted October 13, 1924; decided October 24, 1924.)

MOTION to dismiss an appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 2, 1923, reversing a judgment in favor of plaintiff entered upon a decision of the Suffolk County Court and directing a dismissal of the complaint.

The motion was made upon the ground that the action was commenced in a Justice's Court and that permission to appeal had not been obtained.

*Joseph T. Losee* for motion.

No one opposed.

Motion granted and appeal dismissed, with costs and ten dollars costs of motion.

---

In the Matter of the Claim of JAMES LAWSON, Respondent, against WALLACE & KEENEY et al., Appellants.

*Workmen's compensation — notice — when failure to give notice of injury within prescribed time properly excused.*

Lawson v. *Wallace & Keeney*, 208 App. Div. 753, affirmed.

(Argued October 2, 1924; decided October 24, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 28, 1924, unanimously

affirming an award of the State Industrial Board made under the Workmen's Compensation Law. Claimant while in the course of his employment was struck on the leg by a falling box in June. The resulting bruise seemed at first to yield to home remedies but having pain in the leg during August or September he consulted his family physician who treated him for rheumatism. Finally in January he was examined by a surgeon who found that an abscess had formed where the box struck the leg and it was finally found necessary to operate and remove a portion of the bone. No notice of the injury was given until December. The State Industrial Board held that the failure to give written notice of injury to the employer within the time prescribed by section 18 of the Compensation Law is hereby excused on the ground that inasmuch as claimant received an apparent trivial injury, the consequences of which could not have been imagined in a business where slight bumps and bruises were common occurrences of the day; and inasmuch as all the facts that could have been ascertained at the time were later disclosed and there was no indication for immediate medical attention; and inasmuch as the employer and insurance carrier, if they had written notice of the injury, could have done nothing which would have changed the result; and inasmuch as the employer and insurance carrier were not put to any disadvantage by the lack of such notice, neither the employer nor insurance carrier were prejudiced by the lack of such notice.

*William Warren Dimmick* for appellants.

*Carl Sherman, Attorney-General (E. C. Aiken* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.