In the Matter of the Claim of RAYMOND FINCH, Respondent, against BUFFALO ENVELOPE COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, September 8, 1926.

Workmen's compensation — written notice of injury under Workmen's Compensation Law, § 18 — excuse for not giving — knowledge of accident is afforded where employee promptly notifies superintendent of employer of fact of accident — argumentative finding of excuse is irregular but not substantial error — facts justify finding that employer had knowledge of accident.

The failure of the claimant to give a written notice of injury, as required by section 18 of the Workmen's Compensation Law, was properly excused by the

State Industrial Board on the ground that the employer or its agent in charge of the business in the place where the accident occurred or having immediate supervision of the employee had " knowledge of the accident," since it appears that the claimant promptly notified the employer's foreman who had immediate supervision of the claimant of the fact of the accident and that for some time the employer provided medical attendance.

The expression " knowledge of the accident," as used in the statute, does not mean knowledge acquired by the actual presence of the employer, or his agent, at the time the accident happened.

The argumentative finding of the State Industrial Board that " inasmuch as claimant reported his accidental injury to his superintendent · * * * on the same morning that the accident happened, the employer had actual knowledge of the accident to claimant and, therefore, was not prejudiced by claimant's failure to give written notice of injury," although irregular in form, is sufficient, since it appears that the evidence is sufficient to support a finding that the employer had knowledge of the accident and a finding that the employer was not prejudiced by plaintiff's failure to give written notice of injury; a finding of one sufficient ground for excusing the written notice of injury cannot lose its force because the Board attached thereto its conclusion that by reason thereof another ground for excusing is also found.

COCHRANE, P. J., and HINMAN, J., dissent, with opinions.

APPEAL by the Buffalo Envelope Company and another from awards of the State Industrial Board, made on the 21st day of March, 1925, and the 14th day of May, 1925, and also an award, order and decision of the State Industrial Board, made on the 10th day of February, 1926.

*Bacon & Tippett* [*Clarence B. Tippett* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondent State Industrial Board.

VAN KIRK, J. After the original appeal had been taken and the case noticed for argument, the Attorney-General withdrew the notice and the case was remitted to the Board, on the ground that the failure to give written notice of njury had not been excused. Further hearings were had, the last on January 14, 1926, when a decision and award was made confirming the previous awards and excusing the failure to give notice of injury. From this the second appeal was taken.

There is evidence to support the finding that claimant sustained an accidental injury on November 5, 1924, in the course of his employment, which arose out of his employment; also that the loss of his leg was the natural result of that injury.

We have examined the record with reference to the award for medical and hospital services. The employer and its superintendent knew of claimant's injury, its nature, and that it required medical attendance. For a time the employer provided such

attendance, but thereafter abandoned the case and neglected it. Claimant then employed the physicians to whom awards have been made. Their services were necessary. Dr. Guess was retained with consent of the employer; the condition as found by him made necessary the removal of claimant to the hospital and the services of Dr. Sullivan, the surgeon, and Dr. Goetz, to administer the anæsthetic.

The important question in this case is whether claimant's failure to give the written notice of injury, required by section 18 of the Workmen's Compensation Law, has been properly excused. In that section* it is provided that failure to give this notice may be excused on the following grounds: (1) " That notice for some sufficient reason could not have been given; " (2) " That the employer, or his or its agents in charge of the business in the place where the accident occurred or having immediate supervision of the employee to whom the accident happened, had knowledge of the accident; " (3) " That the employer has not been prejudiced thereby." The question here presented has been many times before the courts, but does not seem to have been covered in any opinion. (*Matter of Bloomfield* v. *November,* 219 N. Y. 374; 223 id. 265; *Matter of Hynes* v. *Pullman Co.,* Id. 342; *Matter of Combes* v. *Geibel,* 226 id. 291; *Dorb* v. *Stearns & Co.,* 180 App. Div. 138; *Gibbons* v. *Continental Iron Works,* 190 id. 35; *Lawson* v. *Wallace & Keeney,* 202 id. 435; 208 id. 753; affd., 239 N. Y. 540.) Some of these decisions deal with injuries sustained before the amendment of 1918, but they justify as of to-day the following conclusions: It was intended that the required written notice should be given in order that the employer might have opportunity to investigate while an investigation would be of advantage to the end that he might learn where, how and why the employee was injured, whether the injury arose out of and in the course of the employment, whether it was willfully brought about by him or was solely due to his intoxication and what if any treatment could be furnished to avoid or lessen the disability. (*Lawson Case,* 202 App. Div. 435, 439; *Bloomfield Case, supra,* 268.) At the same time it was realized that an honest claimant might unjustly lose his right to compensation unless there were exceptions to this rule, as for example in the *Lawson* case. There claimant was working in a fish market where men received bruises and scratches nearly every day and serious results were not generally apprehended from such injuries; nevertheless disease or infection might result from the injury after the time

* Amd. by Laws of 1918, chap. 634, and Laws of 1922, chap. 615. Since amd. by Laws of 1926, chap. 262.—[REP.

for giving written notice had expired. So it was provided that the failure to give the written notice could be excused. It has been held that the requirement that the written notice be served should not be treated as a mere formality or dispensed with as a matter of course; that the attention of the Board should be fastened upon the question whether, upon the proofs in a given case, the circumstances existed which are sufficient to justify such failure and, if they did exist, that fact should be properly stated as one of the facts which constitute the basis of the award. (*Bloomfield Case, supra.*) The Court of Appeals has also said (*Matter of Hynes* v. *Pullman Co., supra,* 345): "If such a general finding [in that case that the employer was not prejudiced], supported by any evidence, is·made, doubtless all the appellate courts are bound by it." It is not necessary that the subordinate facts on which the general finding is made should be separately found, but there must be evidence supporting the finding. In the present case the finding is that "inasmuch as claimant reported his accidental injury to his superintendent, Mr. Frank Capenhurst, on the same morning that the accident happened, the employer had actual knowledge of the accident to claimant and, therefore, was not prejudiced by claimant's failure to give written notice of injury." There is evidence in this case that claimant at the time reported the accident he sustained to Frank Capenhurst and described it to him; that Capenhurst was his foreman, having immediate supervision over him. This is sufficient evidence to sustain a finding, if proper in form, excusing the failure to give the required written notice. In *Thurber* v. *Pennsylvania Railroad Company* (217 App. Div. 802), decided in July, 1926, the finding was: "The employer was not prejudiced by the failure to give written notice of injury because George Benson, an agent in charge of the business in the place where the accident occurred, who had immediate supervision of John Thurber, had knowledge of the accident on October 9, 1923." The proof in that case was that the claimant, on the day of the accident, reported to George Benson, who was his gang leader and immediate foreman, that he had bumped his leg on the steps of the ladder he was climbing. Benson was not present when the accident happened; his knowledge was gained by oral statement. We have affirmed that award. This seems to me to dispose of a suggested question, namely: What is meant by "knowledge of the accident?" The suggestion is that this expression as used in the statute might mean knowledge acquired by actual presence of the employer, or his agent, at the time the accident happened. The statute does not so state. One definition of knowledge in Webster's New International Dictionary is "The state of being aware of something or

of possessing information." The purpose of the notice, written or oral, is not to furnish to the employer final knowledge as to the facts, but on the contrary to give him information on which to base inquiries if he so desires. If the accident is promptly described to him or his superintendent by the injured employee, or by some one who knew the facts, the employer has knowledge of the accident within the meaning of the statute. It is true that, from the description of the accident given him, the employer may not have learned that a claim for compensation would be made therefor, but this is not important. The employee is in like state of mind and the required notice of injury does not include notice of intention to file a claim for compensation.

Unless then the finding in the present case is vitally defective in form, the award should be sustained. In the finding two grounds named in the statute are stated: (1) The employer had actual knowledge of the accident to claimant; (2) the employer " was not prejudiced by claimant's failure to give written notice of injury." If either of these findings had been stated separately and without qualification it would be sufficient to justify the excuse. There is evidence in the record to sustain either of such findings. (*Matter of Hynes* v. *Pullman Co., supra.*) Had the finding been that Frank Capenhurst, the agent of the employer, had knowledge of the accident, the finding would have been substantially that in the *Thurber Case (supra).* But we think that knowledge in the agent is knowledge in the employer. If the Board had omitted the words of argument and had stated separately the facts in the words of the finding, with the punctuation but not the meaning changed, there could be no exception taken to its form. The finding then would read: " Claimant reported his accidental injury to his superintendent, Mr. Frank Capenhurst, on the same morning that the accident happened. The employer had actual knowledge of the accident to claimant." The employer " was not prejudiced by claimant's failure to give written notice of injury." And there is evidence to support such findings had the findings so read. We think the finding of one sufficient ground for excusing cannot lose its force because the Board has attached thereto its conclusion that, by reason thereof, another ground for excusing is also found. The finding of knowledge of the accident in the agent or in the employer is none the less a finding of fact because it is stated as a reason why the employer was not prejudiced by failure to give the written notice. We think the mistake here is in the form, not in the substance, and that it is not necessary to remit the claim.

It may not be out of place to observe that, at the time the

accident in *Dorb* v. *Stearns & Co.* (*supra*) happened, the only grounds on which failure to give notice could be excused were that for some sufficient reason notice could not be given, or that the State fund, insurance company or employer had not been prejudiced thereby. (Laws of 1914, chap. 41, § 18.) We do not think that case is in conflict with the above conclusions.

The award should be affirmed, with costs.

All concur, except COCHRANE, P. J., and HINMAN, J., dissenting, with opinions.

COCHRANE, P. J. (dissenting). Written notice of injury was not given. The Board has excused the failure as follows: " Inasmuch as claimant reported his accidental injury to his superintendent, Mr. Frank Capenhurst, on the same morning that the accident happened, the employer had actual knowledge of the accident to claimant and, therefore, was not prejudiced by claimant's failure to give written notice of injury." Knowledge of the accident by the employer is a statutory ground of excuse. So also is lack of prejudice by the employer. Neither of these facts, however, has been unqualifiedly found by the Board but each has been predicated on the verbal report of the accident. Because the claimant told his superintendent of his injury says the Board, *therefore*, the employer had knowledge, and was not prejudiced. It may well be argued that knowledge does not necessarily follow from what one is told. Whether information thus received ripens into knowledge by the recipient depends on whether the latter believes or accepts such information. But my criticism of this form of excuse is that it may be used in every case where verbal notice is given and verbal notice hence becomes equivalent to written notice and the statutory requirement as to written notice is destroyed. A claimant may tell his employer about his accident and in every such case as in this case the Board may find that " inasmuch " or because claimant gave this verbal notice the employer had knowledge and was not prejudiced. Knowledge by the employer and lack of prejudice are not made to depend on the nature of the verbal notice and of the information thus conveyed but solely on the fact that a verbal notice was given irrespective of its value. A verbal notice may thus in all cases take the place of a written notice. What was said on this point in *Dorb* v. *Stearns & Co.* (180 App. Div. 138, 141) is pertinent here notwithstanding subsequent amendments to the statute.

HINMAN, J. (dissenting). The Workmen's Compensation Law (§ 18, as amd. by Laws of 1918, chap. 634, and Laws of 1922,

chap. 615)* affords three grounds for excusing failure to give written notice of accidental injury, namely: (a) " that notice for some sufficient reason could not have been given;" (b) " or on the ground that the employer, or his or its agents n charge of the business in the place where the accident occurred or having immediate supervision of the employee to whom the accident happened, had *knowledge* of the *accident;* " (c) " or on the ground that the employer has not been prejudiced thereby." I dissent from the views expressed by Mr. Justice VAN KIRK in so far as he deals with the second ground of excuse. I think the Legislature had in mind actual knowledge of an accident which happened in the presence and within the sight and hearing of the employer or his agent in charge of the business or having immediate supervision of the injured employee. Had the Legislature meant " possessing information " obtained otherwise than from actual, personal observation, it seems to me it would have used language other than " knowledge of the accident." " Knowledge " is what the mind knows. For example, if an employer is told by an employee that the latter has had an accident and injury not otherwise known to the employer and the employee states that he has a claim for compensation, the mind of the employer may be said to know the fact that a claim for compensation has been made against him, but the information about the accident may be knowledge of a real fact or only of a supposed fact. The supposition may be contrary to fact. How then can we say accurately that such employer had " knowledge of the accident " when all he has is knowledge of the claim that an accident has happened? It is my opinion that the Legislature did not intend such haphazard knowledge of fact, real or supposed, but more accurate knowledge of the accident derived from personal observation by the employer or by one of his agents designated in the statute. The beneficent purpose of the statute is to excuse the employee who cannot give the written notice or the employee whose employer actually knew all that the written notice would have conveyed to him as to the time, place and circumstances of the accident. The statute goes further, however, and permits an excuse where the employer has not been prejudiced. Under this broad general ground, it is possible for the Board to hold that the employer has not been prejudiced where there is evidence from which that conclusion reasonably and logically follows. If verbal notice is relied upon as a fact tending to indicate lack of prejudice, such notice should be sufficiently complete to warn the employer that there has been a claimed accidental injury arising out of and in the course of the

* Since amd. by Laws of 1926, chap. 262.—[REP.

employment.   Moreover, such verbal notice should be shown to have been received directly or ultimately by the employer or by some agent of the employer in charge of the plant or whose duty it was to take cognizance of reports of industrial accidents.   Otherwise it does not reasonably follow that because of such information the employer was not prejudiced.

There is evidence in the record that the claimant verbally reported the accident on the day of the happening to the superintendent of the plant and described it to him.   The finding is that " inasmuch as claimant reported his accidental injury to his superintendent, Mr. Frank Capenhurst, on the same morning that the accident happened, the employer had actual knowledge of the accident to claimant, and, therefore, was not prejudiced by claimant's failure to give written notice of injury."   I cannot agree that the employer had actual " knowledge of the accident " within the meaning of section 18 of the Workmen's Compensation Law; and since the Board may have found lack of prejudice because of the assumption that the employer had " knowledge of the accident " within the meaning of that section, we cannot say that there has been a separate and independent finding as to lack of prejudice.

I, therefore, vote for a reversal.

Award affirmed, with costs to the State Industrial Board.