In the Matter of the Claim of OURANICE KALFATIS, Respondent, against COMMERCIAL PAINTING COMPANY and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, December 4, 1931.

*Pettigrew & Glenney* [*Walter L. Glenney* of counsel], for the appellants.

*John J. Bennett, Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General,* of counsel], for the respondent State Industrial Board.

*George J. Chryssikos,* for the claimant, respondent.

PER CURIAM. Whether or not the State Industrial Board had jurisdiction to make the award is the question.

The employer, a painting company, was a copartnership, consisting of two brothers, with the principal office in New York city.

The copartnership had a contract with a railroad company, a Pennsylvania corporation, for painting bridges from Tunkhannock, Pa., to Geneva, N. Y.

The deceased, a resident of New York State, was hired, along with several other men, by one of the brothers, in Sayre, Pa.

The employer's contract with the railroad company included work to be done in New York, but it does not appear that the contract with deceased covered any such work. Moreover, it clearly appears that deceased did not do any work in New York State under his contract. He was injured in Pennsylvania and at no time did he work for his employer in New York. Thus, it does not appear that his work in Pennsylvania was incidental to general employment in New York. (*Cameron* v. *Ellis Construction Co.,* 252 N. Y. 394; *Copeland* v. *Foundation Co.,* 256 id. 568; *Matter of Amaxis* v. *Vassilaros, Inc.,* 258 id. ——.)

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.