In the Matter of the Claim of LORENZO LAGALA, Respondent, v. FELIX H. HUBER and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award reversed and claim remitted for further consideration, with costs against the State Industrial Board to abide the event, on the ground that there is no evidence to support the finding that notice could not be given within thirty days because the claimant was not aware of the serious nature of his accident; and facts have not been found which justify the finding that the employer was not prejudiced by claimant's failure to give written notice of injury. (*Matter of Bloomfield* v. *November*, 219 N. Y. 374; *Prokopiak* v. *Buffalo Gas Co.*, 176 App. Div. 128; *Dorb* v. *Stearns & Co.*, 180 id. 138.) Van Kirk, P. J., Hinman and Rhodes, JJ., concur; Hill, J., dissents and votes to affirm; McNamee, J., not voting.

In the Matter of the Claim of MARIE DULLUM, Respondent, against MARY A. MORGAN and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that there was no employment or accident in the State of New York, and that the policy covering the claimant as a domestic servant expressly covered only the State of New York. (See *Matter of Kalfatis* v. *Commercial Painting Co.*, 233 App. Div. 649.) Van Kirk, P. J., Hinman, Hill, Rhodes and Crapser, JJ., concur.

In the Matter of the Claim of CARRIE EGAN, Respondent, against JAMES A. HEARN & SON and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent. — Award reversed, and the claim for medical, nursing and hospital services dismissed, with costs against the State Industrial Board, on the ground that under the undisputed evidence there was no obligation upon the employer to furnish such services. (Workmen's Comp. Law, § 13; *Matter of Koch* v. *Lehigh Valley R. R. Co.*, 217 App. Div. 280; aff'd., 244 N. Y. 578.) Van Kirk, P. J., Hinman, Rhodes and Crapser, JJ., concur; Hill, J., dissents and votes to affirm upon the ground that the employer failed to provide such hospital service as provided by the statute, and that the doctor furnished by the employer did not give to claimant reasonable and proper treatment, and the employer thereby failed to furnish the medical attendance and treatment mentioned in the statute, and claimant was justified in procuring same.

In the Matter of the Estate of JOHN S. BARRY, Deceased.— Order reversed on the law and facts, without costs, and matter remitted to surrogate, upon the ground that no notice was given to the parties whose funds should bear the burden of the charge made by the surrogate's order (*Matter of Parsons*, 121 Misc. 747, 750; *Matter of Rabell*, 175 App. Div. 345); that the petitions fail to state the number of days consumed and are indefinite as to the number of days of actual work expended upon the proceeding; and that the allowances to Attorneys Humphrey, Howard and Taylor should not be paid out of the funds of the estate. Van Kirk, P. J., Hinman and Crapser, JJ., concur; Hill, J., dissents and votes to affirm; Rhodes, J., votes to dismiss the appeal upon the ground that the executor is not a party aggrieved. The questions attempted to be raised upon this appeal may be raised by any party in interest upon the settlement of the accounts of the temporary administrator.