In the Matter of the Judicial Settlement of the Account of J. BLISS COOMBS and Others, as Executors of GEORGE W. COPLAND, Deceased.

ELLA MAY BEDELL PARTRIDGE, Appellant; J. BLISS COOMBS and Others, as Executors, Respondents.

Second Department, December 6, 1918.

**Surrogate — jurisdiction upon judicial settlement to hear and determine rejected claim.**

A surrogate has jurisdiction under sections 2510 and 2681 of the Code of Civil Procedure, upon the judicial settlement of an estate, to hear and determine a rejected claim which is in effect that the testator at his death had or should have had property which he was obligated to transmit by his will to the claimant.

APPEAL by the claimant, Ella May Bedell Partridge, from a decree of the Surrogate's Court of the county of Nassau, entered in the office of said Surrogate's Court on the 7th day of February, 1918, overruling certain objections to the accounts and allowing them as presented.

*Oscar R. Houston,* for the appellant.

*William Alexander Campbell,* for the respondents.

THOMAS, J.:

The appellant's claim against the estate of Copland has been rejected, and is contested in this final accounting, to which appellant is cited. The claim, in effect, is that Copland

at his death had or should have had property which he was obligated to transmit by his will to claimant. Claimant and Mrs. Copland were daughters of Bedell, and the claim is, (1) that under Bedell's will the property in question became claimant's property upon Mrs. Copland's death without issue; (2) that such property at his wife's death came into Copland's possession and that he agreed to hold it for his life and by his will give it to claimant; (3) that Copland received property by virtue of his wife's will, which required him to hold it in trust and give by will the same to claimant. The court after partial trial dismissed the claim for lack of jurisdiction. It must be assumed, for present discussion only, (a) that Copland had the property at his death, and that the Surrogate's Court is about to distribute the property to others than claimant; (b) that property at Mrs. Copland's death belonged to claimant by virtue of Bedell's will; (c) that Copland took it, and by direct agreement with claimant or by accepting under his wife's will was enabled to keep it for his life with the obligation to dispose of it by his will to claimant. Therefore, there is either a *res* which claimant seeks to follow and to recover, or an agreement to transmit the *res* by will, which she seeks to enforce, or for the breach of which she would recover. The question, then, is whether the surrogate has jurisdiction to surrender to the claimant the *res*, if it be a part of the estate, or to compel the executors to pay to claimant what Copland agreed he would direct them by will to do, or, perchance, to pay money for breach of the agreement. Let it be supposed that the property was a horse. If the claimant should show that she had title to the horse, by virtue of Bedell's will and arrangement with Copland, or Mrs. Copland's will, the court could decline to administer as the decedent's property what belonged to the claimant. If, however, the title passed to. Copland with obligation on his part to transfer it by will to claimant, the Surrogate's Court could order the executors to do what their testator should have done, or, if the horse had been unlawfully diverted, to pay the value. Section 2681 of the Code of Civil Procedure provides that in case of rejection of a claim, " Unless the claimant shall commence an action for the recovery thereof " within times stated, the claimant shall be

Second Department, December, 1918.          [Vol. 185.

barred from maintaining such action, " and in such case said claim shall be tried and determined upon the judicial settlement." The unconditioned power to determine the claim upon judicial settlement is of recent origin, and is accompanied by the jurisdiction conferred by section 2510 of the Code of Civil Procedure, viz.: " To administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, or between any party and any other person having any claim or interest therein who voluntarily appears in such proceeding, or is brought in by supplemental citation, as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires." The language is so comprehensive that in association with section 2681 it sweeps away all constraints upon the surrogate's jurisdiction, and the necessity of multiplying remedies in the distribution and transfer of a decedent's property to whomsoever it belongs or should be delivered. The policy of securing unity of administration of a decedent's estate should result in expedition and thrift, and demands varied and highly informed judicial capacities. The State has empowered surrogates in unmistakable language, and it is not the function of the courts to discover or to fashion reasons for thwarting the manifest policy. Without concerning the discussion in any degree with the merits, it is concluded that the surrogate should hear and determine the claim.

The decree of the Surrogate's Court of Nassau county should be reversed, with costs to appellant payable from the estate, and the matter remitted to said court for hearing and determination.

JENKS, P. J., RICH, PUTNAM and BLACKMAR, JJ., concurred.

Decree of the Surrogate's Court of Nassau county reversed, with costs to appellant payable from the estate, and matter remitted to said court for hearing and determination.