In the Matter of the Judicial Settlement of the Supplemental Account of Proceedings of SPENCER ALDRICH, as One of the Executors of the Last Will and Testament of WILLIAM B. DALL, Deceased.

CHARLES A. DALL and Others, as Executors of the Last Will and Testament of MARY AUSTIN DALL, Deceased, Appellants; SPENCER ALDRICH, as Executor, etc., and VIRGINIA S. DALL and Another, Respondents.

Second Department, January 7, 1921.

Surrogates' Courts — jurisdiction to determine title to property alleged to have been converted by testator but returned to estate after testator's death — Code of Civil Procedure, section 2510, construed and applied.

A surrogate has jurisdiction, under section 2510 of the Code of Civil Procedure, on the supplemental accounting of an executor to determine the title to certain moneys realized from the sale of corporate stock which the testator had borrowed from his mother and loaned to a stockbroker under circumstances alleged to amount to conversion and which was returned by the stockbroker to the testator's executors.

APPEAL by Charles A. Dall and others, as executors, from an order of the Surrogate's Court of Kings county, entered in the office of the clerk of said court on the 18th day of May, 1920, which resettled an order of that court made on the 6th day of May, 1920, denying a motion to dismiss the proceeding, which was for an accounting by the executors of the will of William B. Dall, deceased, upon the ground that that court did not have jurisdiction of the subject-matter.

*Anthony J. Ernest* [*Walter A. Swett* with him on the brief], for the appellants.

*W. H. Van Steenbergh,* for the respondent Spencer Aldrich, as executor, etc., of William B. Dall, deceased.

*Hunter L. Delatour* [*Frank E. Johnson, Jr.,* and *Meier Steinbrink* with him on the brief], for the respondents Virginia Say Dall and William B. Dall, Jr.

MILLS, J.:

There appears to be no dispute as to the material facts herein, which are the following:

Mary Austin Dall, the mother of William B. Dall, owned forty shares of the preferred stock of the Great Northern Railway Company. She delivered the certificate therefor to William B. Dall with full power of attorney to transfer the same, but for her account; and he delivered the same to one Asbury, a stockbroker, and the latter, as security for its return, assigned to him a certain insurance policy upon the life of Asbury. William, during his lifetime, continued to pay to his mother the dividends upon the stock as though he still held it. When he died the stock was not among his assets, but the policy of insurance was. His estate was largely insolvent and his mother, who survived him, proved her claim against his estate for $7,456.07, which included among other items the value of those forty shares. The executor of the son's estate sold the policy for its surrender value and, upon his accounting, the net proceeds of that sale were allowed to her upon the ground that they represented her stock, which had been converted without her consent. She was also allowed her dividend *pro rata* with the other creditors; and the decree entered upon that account directed payment to her of the proceeds of the sale of the policy and the said dividend, all of which was done. Subsequently, and evidently quite unexpectedly to all those parties, Asbury made restitution to the estate of the son by transferring to the son's executors forty shares of the said stock upon their delivery to him of the policy, which they had redeemed from the purchaser of it. Those executors subsequently sold the shares, which still left in their hands a balance of $4,383.56 of the proceeds of the sale. Meanwhile the mother had died and her will had been duly probated. The executor of the will of the son thereupon filed in the Surrogate's Court a supplemental account setting forth the substance of the above-stated facts and asked that that court determine who is entitled to the said net proceeds of the stock. Citation was issued to and served upon the executors of the mother's will. They appeared upon the return day and filed their answer, in which they averred, as is the fact, that they had begun an action in the Supreme Court against the executors

of the son's will and others to have the same determination made. Thereafter these appellants moved before the Surrogate's Court that the proceeding for the supplemental accounting be dismissed because that court had no jurisdiction of the subject-matter. The order appealed from denied that motion.

The following are pertinent dates:

December 20, 1919. Petition for supplemental accounting filed and citation issued.

February 17, 1920. Citation returned when all parties appeared and several adjournments followed.

March 16, 1920. Appellants began their other action in the Supreme Court.

March 19, 1920. Answer of appellants herein filed.

April 20, 1920. Notice of motion to dismiss this proceeding.

May 6, 1920. Original order made denying that motion.

May 18, 1920. Order made resettling same.

Appellants' brief appears to me to be quite long and perhaps unnecessarily involved; but as I analyze and understand it, appellants' contention is that the Surrogate's Court has no jurisdiction even now with its enlarged powers to try and determine such a claim as that here presented and urged by the appellants, the executors of the mother's will. That claim, in brief, is that they are entitled to claim the proceeds of the sale of the stock as being the property of the mother's estate, upon the theory that the owner of property wrongfully converted by another is entitled to follow it or its proceeds and claim it or them so long as they can be traced and identified, and further that appellants are not to be held concluded by their acceptance upon the previous accounting of the proceeds of the sale of the policy or by their stipulations made in that proceeding, because at that time the executors of the son's will did not have the stock or its proceeds and no one supposed that they would ever have them. As to the claim upon the merits, irrespective of the question of jurisdiction to try and determine it, it seems to me that the claim is meritorious; but we are not called upon to decide that question.

As to the question of jurisdiction, my impression is that the Surrogate's Court, under its power as enlarged by the amend-

ments of 1914 (Laws of 1914, chap. 443), has the necessary jurisdiction to hear, try and determine the claim as an incident of the accounting. The learned surrogate wrote no opinion, and, therefore, we are not advised of his reasons for denying the motion.

It seems to me to be quite clear that prior to that legislation that court did not have the requisite jurisdiction. The terms of the statute as then amended are now very broad, namely, " to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, or between any party and any other person having any claim or interest therein." (Code Civ. Proc. § 2510.) The effect of that amendment and the scope of the enlarged jurisdiction of that court has been defined by this court in several decisions, notably in *Matter of Hermann* (178 App. Div. 182; affd., without opinion, 222 N. Y. 564); *Matter of Coombs* (185 App. Div. 312). (See, also, *Matter of Malcomson,* 188 App. Div. 600.) In the first of those cases this court (Mr. Justice RICH writing) held that that enlarged jurisdiction was not sufficient to enable the Surrogate's Court to refuse probate to a will upon the ground that its execution violated testator's contract to maintain a prior joint will; but in the second case this court (Mr. Justice THOMAS writing) held that that jurisdiction empowered that court upon accounting to try and determine the claim that at his death decedent had certain specific property which it was his duty to transmit by will to the claimant. Perhaps some minds, not over and above acute, might have difficulty in distinguishing the material facts of the latter case from those of the former. However that may be, it seems clear to me that the fair scope of the latter decision includes the *instant* case. Here the contention is that the claim against the broker Asbury, which nominally belonged to the accounting estate, was in equity property of the mother or of her estate, so that her estate has a claim upon it through the son's estate and is entitled to the full proceeds of that claim as finally realized by the accounting executors. It is to be noted that our opinion in the latter case (*Matter of Coombs, supra,* 314) is very broad, viz.: " The language [referring to section 2510] is so comprehensive that in association with section 2681 it sweeps away all constraints

upon the surrogate's jurisdiction, and the necessity of multiplying remedies in the distribution and transfer of a decedent's property to whomsoever it belongs or should be delivered."

It may well be noted that what the respondents now seek to do is, at the most, merely the same thing which was done upon the prior accounting, apparently with the approval of all parties. Upon that the full proceeds of the stock, so far as then realized and indeed as any one expected would be realized, were allowed to the present claimants or to their testatrix then living; whereas upon this accounting the claim is that the balance of those proceeds, since unexpectedly realized, should be disposed of in the same way. Hence, I conclude that the order appealed from was well warranted.

Therefore, I advise that the order appealed from be affirmed, with ten dollars costs and disbursements.

RICH, PUTNAM, KELLY and JAYCOX, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.