Matter of the Estate of ANDREW J. SHIPMAN, Deceased.

(Surrogate's Court, New York County, August, 1921.)

Attorney and client — jurisdiction of surrogate to determine value of professional services — Judiciary Law, § 475.

> Where an attorney has no lien under section 475 of the Judiciary Law the surrogate has jurisdiction upon the petition of the attorney to determine the value of professional services rendered by him to the representative of an estate, as such, and to direct payment therefor.

APPLICATION for determination of value of legal services.

Charles B. Brophy, referee.

Henry W. Jessup, petitioner (Douglas Mathewson, of counsel), in person.

Edmund L. Mooney (Terence Farley, Frank I. Tierney, of counsel), for respondents.

COHALAN, S.  This is an application by an attorney for a determination of the value of his services rendered to the estate and for an order directing payment therefor out of the funds of the estate. I have decided to adopt the opinion and findings of the referee and add this memorandum because of the doubt as to the jurisdiction of the surrogate to entertain the proceeding resulting from the decision of the Appellate Division in *Matter of Connell*, 196 App. Div. 639.

This kind of proceeding was first suggested by the Appellate Division, second department, in *Matter of Rabell*, 175 App. Div. 345. In an able and well con-

Surrogate's Court, New York County, August, 1921. [Vol. 116.

sidered opinion Mr. Justice Thomas reviewed the situation with respect to the power of the surrogate to compel a representative to pay his attorney out of the funds of the estate, where the attorney has no lien under section 475 of the Judiciary Law. He found that the surrogate had jurisdiction upon the petition of an attorney to ascertain the value of the attorney's services rendered to the representative as such, and to direct payment therefor. This opinion received the approval of all the members of the court except Mr. Justice Mills, who concurred in the result upon the ground that the attorney had a lien upon the whole estate. The petitioner herein claims a '' contractual lien '' upon the authority of the decision in *Jessup* v. *Smith,* 223 N. Y. 203. It is not necessary to consider whether the attorney has such a lien. He has no lien that can be enforced in this proceeding in the Surrogate's Court. It is shown in the *Rabell Case, supra,* that the remedy of an attorney who has rendered services to an estate is in a direct proceeding such as this in the Surrogate's Court. The practice there ordered was commenced in this court in 1916 upon the authority of the Rabell decision and has now become well established. It is also well established in many other Surrogates' Courts of the state. This practice has worked so well and has been such a convenient method of determining such disputes that it should not be discontinued until there has been an express and authoritative adjudication from an appellate court forbidding it.

In· *Matter of Nauss,* N. Y. L. J., May 28, 1920, the jurisdiction of this court to entertain such a proceeding was attacked. Mr. Surrogate Foley there said: '' This court has power to take proof as to the value of the services and direct payment therefor, or to appoint a referee for the purpose of taking such proof.

\*    \*    \*    The *Rabell* case was cited by the Appellate Division of this department and not disapproved in *Matter of O'Connor* (177 App. Div. 616).'' From the order of reference entered on this decision an appeal was taken. The result was a unanimous affirmance, without opinion, of the order of Mr. Surrogate Foley, 193 App. Div. 937. By this affirmance the Appellate Division of this department implicitly and necessarily approved the practice in this respect that had prevailed in this court since the decision of *Matter of Rabell, supra.*

In the estate of Elizabeth Connell a similar proceeding was brought. The surrogate appointed a referee to take proof as to the value of the services rendered by an attorney to a temporary administrator. Upon the referee's report the surrogate made an order directing payment for said services. Upon appeal many questions were raised, including this question of jurisdiction. In the opinion of the Appellate Division by Mr. Justice Greenbaum, as published in the New York Law Journal, July 21, 1921, several reasons were given why the attorney should be denied payment from the funds of the estate for his services to the temporary administrator.

As appears from the opinion of Mr. Justice Greenbaum, the application of the attorney was denied upon the merits. It was found that none of the services inured to the benefit of the estate, that about one-half of the services were performed while the temporary administrator was *functus officio,* that the attorney had no charging lien on the assets of the estate, or no retaining lien upon moneys or papers in his possession. The learned justice referred to the *Rabell* case with apparent approval and yet stated that the Surrogate's Court had no jurisdiction to entertain the proceeding. It may be assumed that the Appellate

Division had in mind the jurisdiction of the surrogate to fix the lien claimed, rather than jurisdiction to entertain the proceeding. The surrogate had not attempted to fix a lien, but to fix the value of the services, because there was no lien under the Judiciary Law. This is the distinctive feature of the *Rabell* case. An examination of the briefs on appeal in the *Connell* case shows that the decision of the Appellate Division in the *Nauss Estate,* a few months previously, was not called to the attention of the court.

In view of this apparent conflict I deem it my duty to follow the decision of the Appellate Division in the *Nauss* case, where the question of jurisdiction was directly involved and was the principal point reviewed.

Referee's report confirmed. The respondent administrators will be ordered to pay the amount found to be the reasonable value of the services, but the order will not estop the persons entitled to share in the estate who were not made parties to this proceeding. *Matter of Rabell, supra,* 353.

Ordered accordingly.