In the Matter of the Estate of GEORGE W. PARSONS, Deceased.

Surrogate's Court, New York County, December, 1923.

Surrogate's  Court — contested  probate — attorneys  for  unsuccessful proponents not entitled to allowances — Surrogate's Court Act, sections 278, 231-a — practice.

A decision of a surrogate denying probate to a paper propounded as a last will was affirmed by the Court of Appeals but no allowance was made in the final decree denying probate to any one except the next of kin who were the successful parties. *Held*, that the attorneys for the unsuccessful proponent were not within the class of persons enumerated in section 278 of the Surrogate's Court Act to whom an allowance for counsel fees may be made in a contested probate proceeding nor was such an allowance justified under section 231-a of the Surrogate's Court Act, in effect September 1, 1923, and a motion to fix the compensation of said attorneys will be denied.

The proper practice upon such an application is by citation or an order to show cause to the parties interested, particularly to those whose funds bear the burden of the charge, and not by a notice of motion.

*Matter of Rabell*, 175 App. Div. 345, followed.

APPLICATION to fix compensation of attorneys.

*Zabriskie, Sage, Gray & Todd* (*George Gray Zabriskie*, of counsel), for petitioners.

*John G. Daniel* (*Henry Woog*, of counsel), for administrator.

FOLEY, S. This is an application to fix the compensation of attorneys who unsuccessfully attempted to have a paper purporting to be a will admitted to probate on behalf of one of the legatees named therein. After a decision by Surrogate Slater of Westchester county denying probate, the petitioners took appeals to the Appellate Division and subsequently to the Court of Appeals, where the decision of the surrogate was affirmed. No allowance was made in the final decree denying probate to any party or to any attorney representing a party interested in the estate, except to the next of kin, who were the successful parties. The petitioners now seek to have this court fix their compensation and direct payment by the temporary administrator, appointed by this court, out of the funds now in his hands.

The power of the surrogate to grant allowances or costs is derived wholly from statutory provisions. *Matter of Mary L. Eddy*, 207 App. Div. 162; *Matter of Welling*, 51 id. 355; *Matter of Hendel*, 106 Misc. Rep. 417. Section 278 of the Surrogate's Court Act provides that costs " shall not be awarded to an unsuccessful contestant of a will unless he is a special guardian for an infant or incompetent, appointed by the surrogate, or is named as an executor in a paper propounded by him in good faith as the last will of the decedent." It further provides that " where a person named as the executor in a will propounds the will for probate, such person so named as executor may, whether successful or not, in the discretion of the surrogate, be awarded costs and all necessary disbursements made by him and all expenses incurred in the attempt to sustain the will." It should be noted that an allowance for costs or expenses to a proponent of a will is limited by this statute to one named therein as *executor*. The alleged will, in the present instance, was first offered for probate by one of the next of kin and subsequently by one of the legatees, but not by the legatee represented by the petitioners here. The petitioners, therefore, do not come within the class of persons enumerated in said section 278 of the Surrogate's Court Act to whom an allowance for counsel fees may be made in a contested probate proceeding.

MATTER OF GEORGE W. PARSONS. 749

Misc. 747] Surrogate's Court, New York County, December, 1923.

Nor can I find any justification for making the allowance under the provisions of section 231-a of the Surrogate's Court Act (Laws of 1923, chap. 526, in effect Sept. 1, 1923). Prior to the enactment of this amendment the power of this court to fix and determine the compensation of an attorney for services rendered to a representative of an estate and to direct payment thereof out of the funds of the estate had been established by judicial decisions. *Matter of Smith,* 111 App. Div. 23; *Matter of Rabell,* 175 id. 345; *Matter of Nauss,* N. Y. L. J. May 28, 1920; affd., 193 App. Div. 937; *Matter of Shipman,* 116 Misc. Rep. 405; affd., 200 App. Div. 896; affd., 234 N. Y. 499. Where, however, disputes arose between an attorney and a client other than a representative of an estate, this court had no jurisdiction. The general purpose of the revision of the Code in reference to Surrogates' Courts made in 1914, (now embodied in the Surrogate's Court Act) was to centralize and unify all proceedings relating to estates in those courts and to put an end to the former practice, resulting in delay and expense in the settlement of estates, when the parties were remitted to other courts to have disputes determined. This purpose is set forth generally in the introduction to section 40 of the Surrogate's Court Act. *Matter of Aldrich,* 194 App. Div. 815; *Matter of Malcomson,* 188 id. 600. In keeping with this general policy of expedition and unified jurisdiction, the legislature, in 1923, enacted section 231-a of the Surrogate's Court Act, which reads as follows: " At any time during the administration of an estate, and irrespective of the pendency of a particular proceeding, the surrogate shall have power to hear an application for and to fix and determine the compensation of an attorney for services rendered to an estate or to its representative, or to a devisee, legatee, distributee or any person interested therein; or in proceedings to compel the delivery of papers or funds in the hands of such attorney. Such proceeding shall be instituted by petition of a representative of the estate, or a person interested, or an attorney who has rendered services. Notice of the application shall be given in such manner as the surrogate may direct. The surrogate may direct payment therefor from the estate generally or from the funds in the hands of the representative belonging to any legatee, devisee, distributee or person interested therein." This amendment, which conferred plenary power upon the surrogate to dispose of disputes, incorporated into statute what had already been settled by the judicial decisions just quoted (*Matter of Smith, etc., supra*), with reference to fixing the compensation of attorneys for representatives. In addition, it conferred upon this court power to determine disputes arising between attorneys and *beneficiaries* of funds administered in this

Surrogate's Court, Westchester County, December, 1923.          [Vol. 121

court. It also eliminated any doubt as to the power of the surrogate to order substitution of attorneys and to compel delivery of papers or funds in the estate to a new attorney retained by a client. Under the language of this section, relief may also be obtained at any time during the course of the administration of an estate and regardless of whether a particular proceeding is pending. The basis of the authority granted by this amendment is the existence of the fund in the process of administration under the supervision of the Surrogate's Court.

With this legislative intent in mind, I cannot find any authority in section 231-a of the Surrogate's Court Act for allowing compensation out of the funds belonging to other persons, to attorneys for one named as a legatee in a paper which failed of probate as the decedent's will. Of course, cases may occur where the services of counsel for a beneficiary resulting in advantage to the estate, may properly justify an allowance out of the estate generally, for example, where compulsory accountings are obtained and funds converted by an executor or administrator are recovered through the efforts of counsel for a beneficiary. But, in this estate, the services in no way inured to the benefit of the estate.

Incidentally, it should be pointed out that the proper procedure in an application to fix counsel fees is by citation or order to show cause to the parties interested, and particularly to those whose funds bear the burden of the charge, and not by notice of motion. *Matter of Rabell, supra.*

Application denied. Settle order on notice.

Ordered accordingly.