In the Matter of the Judicial Settlement of the Account of Proceedings of ADAM VORNDRAN, as Executor and Trustee under the Last Will and Testament of CHRISTIAN VORNDRAN, Deceased.

Surrogate's Court, Bronx County, July 23, 1928.

Executors and administrators — accounting — allowance to attorney for objectant, under Surrogate's Court Act, § 231-a — objections were withdrawn — Surrogate's Court Act, § 278, relating to costs, is not applicable — attorney rendered no service beneficial to estate and allowance is denied.

The petitioner, representing an interested party, instituted proceedings to compel an accounting, and as attorney for such party filed objections to the account, which were subsequently withdrawn. This proceeding is instituted under section 231-a of the Surrogate's Court Act to have an allowance made to the petitioner for his services, said allowance to be payable out of the general estate. The objection by the executor that costs are only taxable under section 278 of the Surrogate's Court Act, is not sustained, for this proceeding is not for the taxation of costs but for the granting of an allowance.

The Surrogate's Court may, under certain conditions, grant an allowance to an attorney for an interested party, but it will not do so where the estate has received no benefit. Inasmuch as it appears that the estate in this case received no benefit from the services of the attorney, and that the only benefit whatsoever would have accrued to the petitioner's client, an allowance is denied the petitioner.

The client of the petitioner may apply, under section 278 of the Surrogate's Court Act, for costs and proper disbursements upon the settlement of the decree in the accounting proceeding.

JUDICIAL settlement of accounts of executor.

*Carl Pack,* for the petitioner.

*Oliver E. Davis* [*Sol Boneparth* of counsel], for the executor.

SCHULZ, S. The petitioner was the attorney for one of the interested parties in this estate and brought a proceeding to compel an accounting. To this accounting he filed objections on behalf of his client, which were subsequently withdrawn. He now brings this proceeding under section 231-a of the Surrogate's Court Act asking that his fees for such services be determined and fixed and that an order be made directing the same to be paid out of the estate, upon the theory that he has rendered services of substantial benefit to the estate which should be compensated for by it and not by his client.

The application is opposed upon the grounds that only taxable costs under section 278 of the Surrogate's Court Act (as amd. by Laws of 1923, chap. 527; Laws of 1925, chap. 581, and Laws of 1928, chap. 702) can be allowed to his client, and that if he is entitled to the relief asked for, then the services rendered by him,

as disclosed in the papers, did not inure to the benefit of the estate and are not worth the amount which he requests therefor.

Section 278 of the Surrogate's Court Act, in so far as material, provides that upon rendering a decree the surrogate may fix such a sum as he deems reasonable to be allowed as costs to the petitioner and to any other party who has succeeded in a contest, or whose attorney, in the absence of a contest, has rendered services in the proceeding of substantial benefit to him, or to the estate or fund, which in the case of a contest shall not exceed seventy dollars, and where there is no contest shall not exceed twenty-five dollars. This section has nothing to do with fixing the value of an attorney's fee in an accounting proceeding. It does provide for the costs which may be awarded in such a proceeding and these seldom, if ever, cover the actual expenses incurred by the litigant. These costs are definitely prescribed by statute, and the court cannot grant more than the amounts thus fixed.

Section 231-a provides that the surrogate shall have power to hear an application to fix and determine the compensation of an attorney for services rendered to an estate or to its representative or to a devisee, legatee, distributee or any person interested therein, and that he may direct payment therefor from the estate generally, or from the funds in the hands of the representative belonging to any legatee, devisee, distributee or person interested therein. No question of costs is involved.

While no case in which the surrogate fixed the fee of an attorney for a contestant and directed it to be paid out of the general estate has been drawn to my attention, it seems that under certain circumstances this is permissible. (*Matter of Parsons*, 121 Misc. 747; affd., 208 App. Div. 769; *Matter of Buttner*, 215 id. 62; modified on another point, 243 N. Y. 1.) If so, the court should use great care before it makes such a direction. It seems quite apparent that if many parties appeared in such a matter, which is not unusual, and the fees of the attorney for each were charged against the estate generally, it might seriously be depleted thereby. Assuming that it may be done, it should be a condition precedent that the services be shown to have resulted in such an advantage to the estate that it would be unfair for the party to pay for them, and the representative of the estate should not be required to proceed to a hearing as to the nature, extent and value of such services which, in itself, might involve considerable expense to the estate, until it is evident that they have brought about the result stated.

It does not appear that the services set forth in the petition were of that nature; they are not shown to have resulted in disclosing

assets which had not been accounted for, and any benefit would, under the circumstances set forth, have resulted only to the petitioner's client. The fact that a compulsory proceeding was brought and an accounting compelled, alone, does not warrant the payment of the attorney's fees out of the general estate, which would result in other interested parties being charged with three-fourths thereof.

The proceeding is, therefore, dismissed.

The client of the petitioner may apply for costs and proper disbursements upon the settlement of the decree in the contested accounting proceeding under section 278 of the Surrogate's Court Act.

Having assumed that I have the authority in a proper case to grant the relief desired, and in view of the conclusions reached by me as above stated, it is unnecessary for me to determine the motion made upon the return day, to dismiss the proceeding, in so far as it was based upon the contention that the court lacked power to grant the relief asked for.