In the Matter of the Estate of HENRY B. BILLINGS, Deceased.

Surrogate's Court, Clinton County, August 1, 1931.

*Patrick J. Tierney*, for Chester Billings, sole executor.

*George K. Large [John A. Slade* of counsel], for Mae Taylor Higgins.

HARRINGTON, S. Decedent's will was construed by this court; an application to reopen was granted; an application for a new hearing on the ground of newly-discovered evidence was granted, and a new hearing was held pursuant to such application. (See *Matter of Billings,* 137 Misc. 758; 139 id. 496; 140 id. 551.) The facts pertaining to this case will be found in the foregoing decisions of this court.

Upon submission of the proposed order settling the final decision of this court in this matter, counsel for Mae Taylor Higgins asked for an allowance for himself and associate counsel, pursuant to the last paragraph of section 278 of the Surrogate's Court Act (added by Laws of 1928, chapter 702), which became effective on March 27, 1928. This amendment to said section is as follows: " When the decree is made in a proceeding to construe a will, the surrogate may, in his discretion, allow to an executor, trustee, guardian, or any party to said proceeding, such sum as the surrogate deems reasonable for his counsel fees and other expenses necessarily incurred in such a proceeding, and the decree may direct payment to the attorney for whose services such allowance is made."

In support of such application, Mr. Large filed an affidavit showing that his services in the matter had required approximately ten days and that his disbursements were $175. Mr. Slade's affidavit showed that his services in the matter had required about seventeen days and that his disbursements amounted to $165. It is to be noted that much of the time spent by each attorney in the matter was for the purpose of preparing memoranda of law to be filed with this court. While there were appearances by these attorneys in this court upon three occasions, a hearing occurred upon only one of them. The result of these proceedings was that Mae Taylor Higgins was granted interest on her trust fund of $250,000, as mentioned in paragraph " seventh " of decedent's will,

for the year succeeding testator's death, which counsel agree amounts to $11,384.75. Counsel for the executor had opposed the request of the beneficiary for such interest during such period. Paragraph " sixth " of decedent's will was held to be void, with the result that jewelry of the appraised value of $20,254.75 became part of the residuary estate instead of passing to Mae Taylor Higgins upon the terms mentioned in said paragraph. The facts of this case, as disclosed in the decisions of this court, as above cited, clearly indicate the necessity of a proceeding to construe paragraphs " sixth " and " seventh " of testator's will. The construction was in favor of Mae Taylor Higgins with reference to paragraph " seventh " and in favor of the executor with respect to paragraph " sixth." I mention these matters at this point as I believe they should have a bearing upon the disposition of this application.

Should an allowance for counsel fees be made in this case? There is no question of the power of this court to do so for the above-quoted amendment to section 278 of the Surrogate's Court Act specifically authorizes this court, in its discretion, to grant such an allowance in a proceeding to construe a will. Despite this amendment, counsel for the executor urges that the general principles applicable to allowances to be charged to an estate have not changed, and that no such allowance should be made unless it is shown that the services for which the allowance is sought were beneficial to the estate. In support of this theory counsel for the executor cites as authority *Matter of Vorndran* (132 Misc. 611); *Matter of Hartmann* (133 id. 739); *Matter of Norton* (139 Misc. 487), all of which cases were decided subsequent to the above-quoted amendment to section 278 of the Surrogate's Court Act.

In *Matter of Vorndran* a proceeding was instituted under section 231-a of the Surrogate's Court Act to secure an allowance of counsel fees for services rendered by such counsel upon the judicial settlement of the accounts of an executor. As such services of counsel were found to be of no benefit to the estate, an allowance was refused and the client of the petitioner was authorized to apply for costs and disbursements on the settlement of the final decree in the contested accounting proceeding, pursuant to section 278 of the Surrogate's Court Act. Clearly, this case is not pertinent with the one in question, for the proceeding was instituted to secure an allowance for counsel fees for services rendered in an accounting proceeding and not, as in the case at bar, for services rendered in a proceeding to construe a will.

In *Matter of Hartmann* the application for an allowance as counsel fees was made for services rendered in an accounting proceeding involving the construction of the will. The decision

states that the application was not made under section 231-a of the Surrogate's Court Act. Presumably, it was made upon the settlement of the decision upon the accounting proceeding. The court denied the application. The court further held that an allowance as costs under section 278 of the Surrogate's Court Act could not be made to the widow as a " party who had succeeded in a contest," but that as a question of construction of the will had been presented a bill of costs could be submitted, pursuant to section 278 of the Surrogate's Court Act. It is apparent from the brevity of this decision that it cannot be treated as authority for the matter in question as it is not clear from the decision whether or not the court denied the application on the ground that the proceeding in which the services were performed was primarily an accounting proceeding, or whether it regarded it as a proceeding to construe a will, within the terms of the last paragraph of section 278 of the Surrogate's Court Act, as herein quoted. In other words, the court does not pass upon the legal effect of this amendment.

The *Norton* case was an application for fixing attorneys' fees for services rendered in a proceeding for the judicial settlement of the accounts of an executor. The application was made pursuant to section 231-a of the Surrogate's Court Act. Manifestly, the decision is not in point with the case at bar.

While we have no definite way of determining the legislative intent in this amendment to section 278 of the Surrogate's Court Act authorizing an allowance as counsel fees for services rendered in a proceeding to construe a will, we do know that section 231-a of the Surrogate's Court Act had become effective some years prior to this amendment. It should, therefore, be apparent that this amendment to section 278 of the Surrogate's Court Act as herein mentioned was not intended to be construed in the same manner as section 231-a of the Surrogate's Court Act. Otherwise, there would have been no necessity of so amending section 278 of the Surrogate's Court Act. Why a special ruling should apply in cases of proceedings to construe wills is not made known. I can well see how such an exception should be made. The intent of the testator relative to the provisions of his will must be made clear to all interested parties before the same can be made effective. In a proceeding to construe a will the representative of the estate is as much interested as are the beneficiaries therein mentioned. The cost to all parties in ascertaining that intent may well be a charge against the estate for the result of the proceeding at least benefits the estate to the extent of determining questionable matters

in the will and thus· permitting an expeditious settlement of the estate. In some cases the contentions of the representative of the estate will be upheld and in others denied. And in others, as in the case at bar, part of the contentions of the various parties will be upheld and part denied. By leaving to the surrogate's discretion the matter of awarding allowances in such cases, it may be assumed that the surrogate will award allowances in only those cases where the necessity for the construction proceeding is apparent.

In any event the authority is clearly given the surrogate to grant allowances to counsel in proceedings to construe a will, such as the case at bar. I am satisfied that the nature of the facts in the case in question and the results obtained by counsel are such that an allowance should be made. Upon the facts and circumstances of this case an allowance is hereby made to Mr. Slade in the sum of $1,200 for services, together with $165 additional for his disbursements for necessary expenses, and a further allowance is made to Mr. Large in the sum of $800 for his services, together with $175 additional for his disbursements for necessary expenses, which sums the executor is hereby directed to pay to said respective counsel from the funds of the estate, said allowances being granted pursuant to the power vested in this court by the last paragraph of section 278 of the Surrogate's Court Act.

Prepare decree accordingly.