In the Matter of the Estate of BELLA M. KAUFMAN, Deceased.

Surrogate's Court, New York County, November 10, 1938.

*Riegelman, Hess, Strasser & Hirsch* [*Harry F. Mela* and *Mortimer H. Hess* of counsel], for the executors.

*Harry Weinberger, pro se*, and for Jesse L. Kaufman, individually and as executor of Henrietta Kaufman, deceased, Sydney L. Kaufman and Pauline K. Schoen.

*Sidney Rossman*, for Joseph S. Kaufman, Emanuel Kaufman, George S. Kaufman, Ruth K. Friedlich and Helen K. Lieberman.

*Wise, Shepard, Houghton & Lebett* [*Woolsey A. Shepard* and *Daniel J. Clifford* of counsel], for the Continental Bank and Trust Company of New York, as successor trustee, etc.

*M. S. & I. S. Isaacs*, for Edgar A. Levy and Andre Caron, as trustees, under assignment in trust, and for Marjorie Jane Caron, as general guardian of infants.

*Davidson, Moses & Sicher* [*Dudley F. Sicher, Maxwell Davidson* and *George Schreiber* of counsel], for Marion K. Heller and William B. Heller.

DELEHANTY, S.   The account here filed lists in the schedule dealing with administration expenses a rejected claim made by an attorney representing one of the legatees.   By motion to dismiss

the claim and for judgment on the pleadings the representatives of the estate sought a separate determination of the issue raised by this claim and its rejection. The court set the matter down for a hearing on the merits and tried the issue separately from other issues on the accounting only because in the circumstances of this estate that procedure seemed likely to make further controversies unnecessary.

In substance, the claimant-attorney asserts that he benefited the general estate between $60,000 and $100,000 by preventing the payment of estate taxes in that amount and by devising a theory of defense to the claim of taxability of a certain transfer made by deceased in her lifetime.

The court is satisfied on the proof that these estate taxes would have been paid except for the interposition of the attorney who now claims compensation out of the general estate. The court is satisfied, too, that the activities of the claimant resulted in a more thorough canvassing of the arguments against taxability of the gift inherent in the facts already known to the estate attorneys.

The court is unable to say that this combination of circumstances authorizes a charge to the general estate. It is clear from the record that the claimant-attorney throughout was representing a beneficiary of the estate. It is clear, too, that he was desirous of securing his own employment in relation to the fixation of the estate taxes. The court does not find in the record any basis for strictures upon claimant for the effort which he made to preserve the estate from a charge which the executors proposed to pay and which the event showed was of gravely doubtful legality. But it does not follow that because the representative of a legatee points out a road to success in an estate controversy he thereby becomes entitled to payment out of the general estate. The claimant was not retained by the estate representatives. He was advised repeatedly that he would not be retained. He prepared no papers used in connection with the estate tax proceedings. He did not appear in any of them. It may be that beneficiaries generally will benefit by the resistance to the tax which was inspired by the claimant and by his client's attitude but such a result is common in the administration of estates. It would be an unwise and impracticable rule which would expose an estate and the representatives of the estate to a possible charge if they interchanged views with legatees and their representatives. The sounder rule is the standard rule that such interchange of ideas imposes no liability on the estate except when services are sought by the estate representatives and are performed under an agreement with them. There was here no final refusal to contest the proposed

tax. There was here no breach of fiduciary duty. So the cases which authorize payment out of the general estate to an attorney who has protected or enhanced the estate when the fiduciaries have betrayed their trust are not here applicable. ·

For the reasons stated, the court holds that claimant is not entitled to compensation out of the general estate and his claim for such compensation accordingly is dismissed. If either party desires a separate order so disposing of the claim one may be entered on notice; otherwise like direction will be made in the decree settling the account when the remaining issues, if any, are disposed of. Proceed accordingly.