Carswell, Acting P. J., Wenzel and MacCrate, JJ., concur; Johnston, J., with whom Sneed, J., concurs, dissents and votes to modify the decree by striking out the fourth and fifth decretal paragraphs, and, as so modified, to affirm the decree, and to remit the matter to the Surrogate’s Court to enter a decree in conformity herewith. Approximately two months before his death, on June 19, 1947, decedent made a gift to his wife of ten $1,000 United States War Savings Bonds, Series D, issued March, 1940, and registered in his name. The finding of the Surrogate that a valid gift of the bonds was made is supported by the evidence. However, the Surrogate held that war savings bonds issued in the name of a purchaser as sole owner may not be the subject matter of a gift inter vivos. In my opinion, the regulations prohibiting transfer by a gift of war savings bonds serve merely to define and limit the rights of the donee as against the obligor, but do not define or limit the rights of the donee as against his donor, the registered owner. (Cf. Symmons v. Symmons, 273 App. Div. 760.) Where the evidence is clear that a gift of the bonds was made, the gift should be effectuated if it is possible to do so without doing violence to the Treasury regulations. In the case at bar, that may be accomplished by a direction that the administratrix of the estate of the donor execute all necessary papers to add the name of the donee to the bonds as co-owner or, in lieu thereof, that the administratrix redeem the bonds and deliver the proceeds to the donee. Under these circumstances, since the estate assets have not been increased through his efforts, the attorney for the objeetants may not obtain a fee payable out of the estate, but must look to his clients for compensation. (Matter of Sielcken, 176 Misc. 235, affd. 263 App. Div. 866; motion for leave to appeal denied 288 N. Y. 739.)