In the Matter of the Estate of MABEL S. GREER, Deceased.

Surrogate's Court, New York County, September 29, 1950.

*Edward Halle* for Louis I. Altshuler, petitioner.

*Raymond T. Armbruster, Francis D. Wells* and *Albert A. Jacobson* for Bank of New York and Fifth Avenue Bank, respondent.

FRANKENTHALER, S. Petitioner alleges that he has a claim for an administration expense and he seeks to compel the executor to pay it out of the estate assets. (Surrogate's Ct. Act, § 217.) His claim is based upon services alleged to have been rendered to the estate fiduciary (at that time, the temporary administrator) in making investigations and collecting evidence to identify the statutory distributee of the testatrix. Petitioner alleges that the services were rendered pursuant to an express retainer by the attorneys for the estate. He has failed to establish by a fair preponderance of credible evidence that the attorneys for the estate expressly or implicitly requested him to perform any services or that they expressly or implicitly agreed to compensate him for any services. The court finds that he was not employed by or on behalf of the estate fiduciary.

Petitioner contends that even if he were not employed by the fiduciary, he is nevertheless entitled to payment from the estate because his services were allegedly of benefit to the estate.

The decedent died on August 10, 1946. Her will was offered for probate by the fiduciary named therein. One of the preliminary questions in the probate proceeding was the identity of the decedent's distributees and their status to contest the will or to challenge the validity of any of its provisions. It appeared probable that an illegitimate child was the sole distributee. Ultimately claims were presented on behalf of two different persons. The court ruled that one of the claimants was not related to the decedent. (*Matter of Greer,* 88 N. Y. S. 2d 807, affd. 274 App. Div. 981.) In a subsequent proceeding, the identity of the child of the decedent was established, and, he being then deceased, the right of his personal representative to challenge the validity of the will was upheld. (*Matter of Greer,* 88 N. Y. S. 2d 813, affd. 274 App. Div. 981, motion for leave to

appeal granted 274 App. Div. 1056.) All questions raised in the probate proceeding by the distributee's representative were finally compromised and settled.

It appears without dispute that petitioner was retained to make investigations and to collect evidence, by the Attorney-General of the State where the distributee was domiciled. The Public Administrator of the County of New York was the personal representative in this State of the distributee. The New York representative retained his own investigator, made his own independent research and gathered available evidence. The estate representative took a position adverse to all the alleged distributees and contested the questions of status in order to compel claimants to satisfy the court as to the identity of the distributee by a fair preponderance of competent evidence. In the preparation for the trials, particularly in the second proceeding, counsel arranged for interchange of information in respect of proof discovered by any of them so that the trial might be expedited and all parties afforded an opportunity to offer all evidence bearing on both sides of the issue. Under this arrangement it was inevitable that all counsel examined documents discovered by any one of them. It seems clear on the record that the New York representative of the distributee used some evidence brought to light by petitioner. Such evidence, however, was relatively small in quantity and not at all approximating what petitioner claims to have furnished. The identity of interest of the New York and the foreign representatives of the distributee made necessary a certain degree of co-operation between them and it was inevitable that they should work together to attain their common end.

Petitioner asserts that his services were of benefit to the estate of the decedent because such services lent aid to the final and conclusive adjudication of an issue of fact which impeded the probate of the will and the administration of the estate, even though the adjudication was adverse to the decedent's fiduciary and the beneficiaries under her will.

The comment of the court in *Matter of Kaufman* (169 Misc. 714, 715, affd. 256 App. Div. 1070, motion for leave to appeal denied 281 N. Y. 886) is apposite here. " The claimant was not retained by the estate representatives. * * * It would be an unwise and impracticable rule which would expose an estate and the representatives of the estate to a possible charge if they interchanged views with legatees and their representatives. The sounder rule is the standard rule that such interchange of ideas imposes no liability on the estate except when services are

sought by the estate representatives and are performed under an agreement with them.''

An attorney employed by an individual interested in an estate may be entitled to compensation from the estate when the services rendered by him result in a benefit to the estate generally. (*Matter of Sielcken,* 176 Misc. 235, affd. 263 App. Div. 866; *Matter of Ziegler,* 170 Misc. 748; *Matter of Geller,* 167 Misc. 578, 580; *Matter of Chaves,* 143 Misc. 872.) Though petitioner is not an attorney, it is asserted that the same rule should apply to his claim. It will be noted that in the cases where compensation is paid by the estate to one who represents an individual interest, the benefit to the estate is invariably a financial benefit. Here petitioner's services were of no benefit to the estate of the decedent or to the beneficiaries under her will. The most that can be said of petitioner's claim is that the products of some services rendered by him to his individual client were offered in evidence at a hearing which terminated in a final and conclusive settlement of a claim against the estate. Such services are not of a character as to warrant an allowance out of the funds of the estate. (See *Matter of Sielcken, supra,* and cases cited.) Petitioner must look to his own client for compensation.

The claim of petitioner is, therefore, disallowed and the petition is dismissed.

Submit decree on notice accordingly.