In the Matter of the Estate of J. JOHN HASSETT, SR., Deceased.

Surrogate's Court, Chemung County, July 2, 1951.

*Donald A. Levinger* for Florence S. Hassett and others, as executors of J. John Hassett, Sr., deceased, respondents.

*Paul H. McCabe* for " Rex Field Post No. 901, Veterans of Foreign Wars of the United States, Inc. ", petitioner.

MATHEWS, S. This proceeding has been brought by vendee for a decree that a deed be made and delivered pursuant to section 227 of the Surrogate's Court Act. That section provides that " Where a decedent dies seized of real property after he has made a contract for the conveyance thereof remaining unexecuted at his death * * * the vendee, his legal representative, distributees, devisees or assigns, may file a petition * * * for a decree that the same [conveyance] be made and delivered ".

For the present purpose, petitioner alleges such a contract, and respondents deny such a contract. Petitioner is relying upon an oral contract, and respondents are relying upon section 259 of the Real Property Law providing that a contract for the sale of real property is *void* unless the contract or some note or memorandum thereof, expressing the consideration, is in writing subscribed by the party to be charged or by his lawful agent thereunto authorized by writing.

Petitioner is relying upon the equitable powers of the Surrogate as defined in section 40 of the Surrogate's Court Act. Respondents do not deny that courts of equity have the power to compel specific performance of void contracts in certain types of situations, which are generally referred to as involving part performance, but claim that the Surrogate's Court is not a court of equity, and its only jurisdiction in this proceeding depends upon compliance with section 227; in other words, even if petitioner had alleged all of the essential elements of a contract, the petitioner could never allege anything but a void contract.

Therefore, we have the question of equitable jurisdiction of the Surrogate's Court in a proceeding under section 227 of the Surrogate's Court Act, in a case where respondents claim that the Surrogate does not have jurisdiction under section 227 for the reason that the alleged contract is void under section 259 of the Real Property Law. Respondents call especial attention to the effect of the decided cases in this State, as

summarized in subdivision 2 of section 35 in volume 1 of Warren's Heaton on Surrogates' Courts. I will commence, therefore, with a paragraph taken from this summary at the bottom of page 167.

" Taking these matters into consideration, it seems, therefore, that the proper rule is that where either by the provisions of section 40 or section 20 of the Surrogate's Court Act or *some other statute* or by precedent the surrogate's court has been given power or jurisdiction of a proceeding affecting the estate of a decedent, it will then have power in that proceeding to administer justice in all matters and to try and determine all questions, legal or equitable." (Italics supplied.)

I believe the foregoing paragraph states the guiding principle in the present case, and that section 227 of the Surrogate's Court Act is *some other statute,* above referred to and underscored. Section 227 provides for the performance of a contract. Obviously, this implies a valid contract.

In the present case, we have respondents' contention that such a contract is void under section 259 of the Real Property Law. This, however, is not a complete statement of the law. It overlooks the operation of the equitable doctrine of part performance, which is just as essential a part of the law of the case as the statutory provision; so that, even if the contract is void under the Statute of Frauds, we still have the question of its validity under the equitable doctrine, that is, we still have a question of fact to be determined by the Surrogate, and section 40 of the Surrogate's Court Act is intended to meet just such a situation.

Although applied in a different set of circumstances, Surrogate FOLEY very well expressed our basic principle in *Matter of Parsons* (121 Misc. 747, 749) as follows: " The general purpose of the revision of the Code in reference to Surrogates' Courts made in 1914, (now embodied in the Surrogate's Court Act) was to centralize and unify all proceedings relating to estates in those courts and to put an end to the former practice, resulting in delay and expense in the settlement of estates, when the parties were remitted to other courts to have disputes determined. This purpose is set forth generally in the introduction to section 40 of the Surrogate's Court Act. *Matter of Aldrich,* 194 App. Div. 815; *Matter of Malcomson,* 188 id. 600.''

Summarizing the foregoing, we cannot say that the Surrogate does not have jurisdiction under section 227, where a contract is alleged, which may be void under statutory provision, but which may be valid under rules of equity. The very purpose of the general provision, section 40, is to empower the Surrogate to decide just such a question of fact, whether legal or equitable, as one of the matters necessary to be determined in order to make a full, equitable and complete disposition of the matter, as provided in section 40 of the Surrogate's Court Act, and in order to make such decree or order as justice requires, as provided in section 227 of the Surrogate's Court Act.

Motion denied.