S. Samuel Di Falco, S.
The attorney for three of the residuary legatees petitions the court for fixation of his compensation. As set forth in the citation he requests the court to fix his compensation ‘ ‘ for services rendered to the estate of the decedent ”. The petition is vague in respect of the source of the payment, but the citation and the entire argument make it clear that he is seeking payment from the estate generally and not payment from the shares of his respective clients. The services for which he requests compensation were rendered in a proceeding to compel the executor to account, and in connection with objections filed by his clients to the account of the executor which was subsequently presented to the court.
Section 231-a of the Surrogate’s Court Act empowers the court to fix and determine the compensation of an attorney “for services rendered to an estate or its representative, or to a devisee, legatee, distributee or any person interested therein * * # [and to] direct payment therefor from the estate generally or from the funds in the hands of the representative belonging to any legatee, devisee, distributee or person interested therein.” Surrogate Foley, who was one of the draftsmen of this statute, discussed its purpose and scope in Matter of Winburn (160 Misc. 49, 52). Its intent, said the Surrogate, was “ to provide an expeditious, simple and effective remedy for *913 determining all sorts of disputes between an attorney and the representative of an estate, and an attorney and his client, whether legatee, beneficiary or distributee by intestacy. # * * The terms of the section contemplated three varying sources of payment of the reasonable value or agreed compensation when judicially determined: (1) to the attorney for the representative of the estate, payment was to be directed to be made out of the general estate; (2) to the attorney for a legatee, life tenant, remainderman or distributee by intestacy, payment was to be directed to be made out of the respective share or interest of the client; (3) in extraordinary and exceptional cases where an attorney for one of the persons interested had rendered services which resulted to the benefit of the general estate, payment might be directed to be made by the surrogate out of the general estate.” Adverting to the line of cases where an attorney for one party, was compensated out of the general estate, the learned Surrogate said that ‘1 under these authorities there must be a finding that the estate generally has been benefited before payment out of the estate may be decreed. * * * There is not the slightest indication * * * in the context of the section of any legislative intent that the charges of the attorney for one individual party, whether legatee or distributee, should be paid out of the shares of other individual parties ” (p. 53). The background of section 231-a is also reviewed in Matter of Matheson (265 N. Y. 81, 84-85) and Matter of Proctor (267 N. Y. 109, 113-114). (See, also, Matter of Shipman, 116 Misc. 405, affd. 200 App. Div. 896, affd. 234 N. Y. 499; Matter of Davis, 10 Misc 2d 347.)
It is not every incidental advantage to estate beneficiaries that will justify a court in taxing their shares with the fees of counsel retained by, and representing the interests of, other parties. (Matter of Wicks, 269 App. Div. 675.) It is still the rule that parties who appear in a lawsuit by counsel of their own selection “ should not be called upon to contribute to the payment of compensation of counsel whom they did not retain or request to represent them.” (Matter of Luckenbach, 280 App. Div. 994, 995, affd. 307 N. Y. 795.) It is not necessary to attempt now to define in all respects the limits of the term “benefit” as embraced within this section. It is sufficient to point out that in every case where services have been held to have benefited the estate, the court was able to cite the special benefit in that particular case. Moreover, in such cases the court was able also to make clear the inequity that would result in allowing all beneficiaries to enjoy the advantage if one alone were to pay for it. It should, as the Surrogate said in Matter of Vorndran (132 *914 Misc. 611, 612), “ be a condition precedent [to charging the fee against the entire estate] that the services be shown to have resulted in such an advantage to the estate that it would be unfair for the party to pay for them ”. In this respect the rule governing allowance of attorneys’ fees finds its support in somewhat the same principles as give rise to the rule which permits one to recover in equity from an estate for services rendered or goods furnished the estate when the goods or services resulted, in a benefit to the estate, even though the fiduciary, for other reasons, may have lost his right to indemnity or exoneration from the estate. (See 3 Scott, Trusts [2d ed.], §§ 269, 269.1.) The relief in that case is based upon the general principle that one person should not be unjustly enriched at the expense of another.
Tested by these principles, it is plain that the legal services rendered by the petitioner did not benefit the estate so as to justify charging the'petitioner’s fee out of the general estate. The objectants were successful only insofar as certain fees and charges were fixed by the court in lower amounts than were requested by the petition or reported in the account. (Matter of Heilbronner, N. Y. L. J., July 2, 1963, p. 7, col. 3.) In Matter of Sielcken (176 Misc. 235, 237, affd. 263 App. Div. 866) Surrogate Foley said: “ The fact, however, that the successful determination of the contest to the extent indicated, resulted in conferring benefits upon other parties whose attorneys may not have actively participated in the trial, does not justify payment of compensation out of the general estate to the attorney who claims to have held the laboring oar. The cases where objections are interposed to allowances sought by attorneys, either in applications under section 231-a of the Surrogate ’s Court Act, or in accounting proceedings, are many and frequent. It would be a burdensome expense on the estate where a reduction of the amount of the allowance sought was effected to charge the fees of the opposing lawyer in every such case out of the general estate.” Other cases cited by the learned Surrogate support the principle that an attorney for objectants, whose services do not increase the assets, of the estate, but tend only to prevent decrease by improper charges, is not entitled to have his compensation paid out of the general estate.
The court, therefore, holds that the petitioner is not entitled to have his legal fees paid from the general estate assets. The services were rendered to his individual clients and are payable by them. As heretofore stated, there is no request to charge his fees against the shares of his clients, and that question is not before the court.