John J. McCall, S.
The respondent in this proceeding, who in his answer to the petition for probate asked for a construction of the will, has asked for an allowance for counsel fees. He makes this application at the foot of the decree to be submitted, the court having made a decision admitting the will to probate and construing the will. The petitioner objects to any allowance payable out of the estate and both parties have been heard in open court on the motion for an allowance.
Section 278 of the Surrogate’s Court Act provides that when a decree is made in a proceeding to construe a will, the Surrogate may, in his discretion allow to an executor, trustee, guardian or any party to the proceeding such sum as he deems reasonable for his counsel fees and other expenses incurred in such a proceeding. Obviously, the awarding or denial of the allowance is in the discretion but such is not uncontrolled. The latest pronouncement of the appellate court seems to be found in Matter of James (264 App. Div. 885). “ The discretion vested in the surrogate to grant such an allowance is not confined to cases where the party requesting the allowance has been successful in the construction proceeding, or where the estate has benefitted financially. Although such matters may be proper factors motivating the exercise of the surrogate’s discretion in granting an allowance in a given case, their nonexistence will not preclude an allowance. A party instituting a construction proceeding, in good faith, to resolve a justifiable doubt, caused by the language employed in the will, as to the testator’s intent, may be compensated out of the estate for his expenses although he is unsuccessful in the proceeding ”.
Was there such a doubt as to the meaning of any portions of this will as to justify the respondent’s demand for a construction? It would seem to the court that subparagraph third of paragraph u Second ” of the will had no meaning on its face and only assumed meaning when viewed in light of the situation in Green’s Office Outfitters, Inc., as the same became apparent during the course of the construction proceeding. The construction adopted affected the remainderman’s interest.
Again, this will was not entirely clear as to what disposition was to be made of income the widow was to receive as the life owner of certain stock. Was she to get only $200, plus an amount for medical expenses? If so, what about the rest? Was she to get it all, use only some and accumulate the rest? If so, what about the disposition of the accumulation? The respondent *270 wanted these questions answered and they were. It would seem to the court that anything short of a construction proceeding would result in guesswork administration of the estate. The power of sale had to be defined clearly and the respondent as a remainderman had an interest in that.
The circumstances here and the language of the will could lead the respondent here to readily believe the proceeding itself resulted in a benefit to the estate, because the determination of the testator’s intentions as to disputed clauses of the will makes for an orderly and expeditious settlement of the estate.
Again, the necessity for a construction was apparent here and the Surrogate can properly make allowances in such cases (Matter of Billings, 141 Misc. 84).
In reaching the decision herein this court has not overlooked the opinions in Matter of Curley (161 Misc. 391) and Matter of Mahlsted T. (234 App. Div. 891). The court is not thoroughly convinced that there is a real difference between those holdings and the one in Matter of James but to the extent that there is, the above-mentioned cases are not followed.
The attorneys for the respondent are allowed the sum of $750 for services rendered in the construction proceeding, same payable out of the estate. Provision for this payment is to be included in the decree of probate to be submitted herein.